# JOHN P. WHITE *et al.*

## *v.*

# FERDINAND W. HERMANN.

| 51 | 243 |
|----|-----|
| 122 | 599 |
| 51 | 243 |
| 137 | 144 |
| 51 | 243 |
| 146 | 376 |
| 51 | 243 |
| 42a | 535 |
| 51 | 243 |
| 149 | 413 |
| 51 | 243 |
| 161 | 25 |
| 50a | 459 |
| 51 | 243 |
| 60a | 625 |
| 51 | 243 |
| 71a | 572 |
| 51 | 243 |
| 177 | 96 |
| 51 | 243 |
| 179 | 589 |
| 51 | 243 |
| 93a | 7417 |
| 51 | 243 |
| 98a | 9447 |

1. VENDOR AND PURCHASER—*in contract to convey land—what sufficient description of premises.* A contract for the sale of land, described the premises as "the east ½ of N. W. ¼, Sec. 27, T. 38, 14 E. of 3d P. M.," omitting to state the range and the position of the land as to the base line : *Held,* that this description was sufficient, as by a reference to the government land surveys, it would be seen that there is no township 38, *south* of the base line and 14 east of the 3d P. M., and hence, it must be *north* of the base, and in 14 east of said meridian, which would locate the land in Cook county.

2. SAME—*description must be sufficient—to enable a surveyor to locate the premises.* A contract for the conveyance of lands, will not, on account of a defective description of the premises, be held invalid, where such description is sufficient to enable a surveyor to locate them.

3. SAME—*question of sufficiency of description—when to be left to the jury.* In an action to recover damages for a breach of such contract, where it is objected, that the instrument sued upon does not describe the lands, the question as to the sufficiency of such description is for the jury to determine, from the evidence, unless it is apparent from the instrument that a location can not be made.

4. SAME—*such contracts will be enforced—when intention can be ascertained.* Courts will not permit contracts of this character to fail, when from the entire instrument, and the general acts of the government, the intention of the parties can be ascertained.

5. EVIDENCE—*contracts to convey land—in actions for breach of—how value may be shown.* In an action to recover damages for the breach of a contract to convey land, the plaintiff, in order to show the value of the premises in controversy, will be permitted to prove, not only the worth of other adjacent property, at or near the date of such contract, but even the value of lands of a different quality, lying in the immediate vicinity, leaving it for the jury to determine the difference in value.

6. SAME—*value—proof of—not confined to experts.* And in such cases, any person knowing the property and its value, may testify upon that question. Proof of the value of the property, need not be confined to persons only who are engaged in buying and selling real estate. Such knowledge is not scientific.

7. WITNESSES—*to prove the value of property—of the number to be called.* In actions of this character, it is error for the court to refuse to permit a party to call more than four witnesses, by whom to prove the value of the property. The liability of persons to differ materially upon such question, makes it necessary that parties should be allowed to call a larger number than four witnesses, to prove its value.

8. SAME—*construction of the statute—concerning the number of.* The statute provides, that the costs of four witnesses only shall be taxed against the unsuccessful party, unless the court shall certify that a greater number were necessary; but this in no wise prevents a party from calling a larger number, provided he is willing to risk the liability to pay their fees.

9. SAME—*power of the court to limit the number of.* Nor in such case, is this court prepared to hold, that the number of witnesses to be called by either party, upon the question of the value of the property, can be limited.

10. SAME—*number certified to—discretionary with the court.* But the court would of course determine, in the exercise of a sound discretion, whether he would certify to the necessity of more than four witnesses, and if so, to what number.

APPEAL from the Superior Court of Chicago.

The opinion states the case.

Mr. CONSIDER H. WILLETT, for the appellants.

Messrs. BOOTH, KREAMER & HUNTER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action to recover damages for an alleged breach of contract for the sale of a piece of land. Appellants insist that the contract was written and signed, but was never delivered or intended to be delivered, but was accidentally left where appellee obtained possession of the same and is endeavoring to recover damages for its alleged breach. Appellee, on the other hand, contends that the agreement was fairly entered into, executed, signed and delivered, and inasmuch as it was never performed he is entitled to recover the full amount of loss he has sustained by a failure to have the land conveyed.

It is first objected, that the contract does not describe the land, and verbal evidence is not admissible for its explanation. If sufficiently described to enable a surveyor to locate it, then the instrument is good and binding; and this is a question for the jury, to be determined from the evidence, unless it is manifest from the instrument that it can not be located. In reading the description of this land, it seems but natural for any one seeing the subject matter to which it relates, to supply the elipses. It refers to the section, the quarter, the township by its number and the meridian, but omits to say that it is north of the base line, or to say that it is of any range, but says it is "14 E. of 3d P. M." When we examine the maps of surveys of public lands, it is discovered that there is no township 38 south of the base, and 14 east of the third principal meridian. Were that meridian extended south thirty-eight townships, and a line were run east, of sufficient length to make fourteen townships, it would be found to reach the State of Tennessee, and some eighty or ninety miles east of its western boundary. And we must take notice that government has made no surveys of lands in that State. It must then be 38 north of the base line, and in range 14 east of the third principal meridian, which would locate the land in Cook county.

If this is an ambiguity at all, it is a patent one, and would be incapable of an explanation by extrinsic evidence. But courts will never permit an agreement to fail when, from the entire instrument and the general acts of the government, it can be seen what was intended by the parties. In this case, by a reference to the land surveys made by the general government, we can see that there is a tract of land in Cook county which may answer the description and there can be no other. Although the description is not as full as it could have been made, we must conclude that it was intended to be embraced in the agreement. Hence we have no doubt that the land can be located by the description contained in the agreement sued upon in this case.

It is urged, that the court below erred in refusing to permit appellants to prove the value of other adjacent land, just before the date of this instrument. As it was important that the jury should be informed of the value of the land in controversy, at the time it is claimed to have been sold, we see no objection to permitting proof to be made of the worth of other property of equal quality lying near to and similarly situated to this, at, or near the date of the instrument, or even property of different quality in its immediate vicinity, leaving the jury to determine the difference in value. Nor do we understand, that, on a question of value of property, no witnesses can be examined but those engaged in buying and selling that species of property, but, on the contrary, any person knowing the property and its value may testify. Such knowledge is not scientific, nor is it confined to a few experts. If any individual knows of similar property having been sold about the time of the contract, he may testify to that fact, and after hearing the opinion of all the witnesses, it is for the jury to weigh the evidence, and, as practical men, find its value, giving every part of the testimony such weight as it is entitled to receive.

It is also urged, that the court erred in refusing to permit appellants to call more than four witnesses to prove the value of this property. It may be that on a mere collateral question, the court may have a discretionary power to limit the number of witnesses who may testify on that particular question. We are aware of no rule of practice, however, which authorizes a court to prevent a party from introducing more than four witnesses to prove the issue in the case. It is true, the statute has provided that the costs of four witnesses only shall be taxed against the unsuccessful party, unless the court shall certify that a greater number were necessary, but this in no wise prevents a party from introducing more if he is willing to risk the liability to pay their fees for attendance. It seems to imply that he may call more if he choose to risk such liability.

There are few questions that witnesses are more liable to differ upon than the value of property at a given time, especially if real estate or property not daily bought and sold in the market. This being the case, it must be necessary that the parties be permitted to call a larger number than four witnesses to prove its value. Nor are we prepared to hold, in such a case, that a court has the power, on such a question, to limit the number which may be examined by either party, but the court would of course determine, in the exercise of a sound discretion, whether he would certify to their necessity, and if so, to what number. In this there was error, and the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*