ILLINOIS AND ST. LOUIS RAILROAD AND COAL CO.

*v.*

WILLIAM McCLINTOCK.

NEW TRIAL—*verdict against the evidence.* In this case the only error assigned is that the evidence does not support the verdict. The court refuse to disturb the finding of the jury.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. G. A. Kœrner, for the appellant.

Messrs. C. W. & E. L. Thomas, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

This was a proceeding to condemn certain lots owned by the appellee for depot purposes for the use of appellant's road.

The commissioners appointed under the statute assessed the value of the land taken at the sum of five thousand dollars. On appeal to the circuit court, the cause was submitted to a jury, who returned a verdict in a like amount with that awarded by the commissioners.

The only error assigned is that the evidence does not support the verdict, and, for that reason alone, we are asked to reverse the judgment.

Our attention has been called to the familiar rule announced in numerous cases decided by this court, that where the finding of the jury is manifestly against the weight of the evidence, or where it is clearly the result of passion and prejudice, the verdict will be set aside and a new trial awarded. We do not intend to depart from this well settled rule of practice. The rule has its foundation in the necessity that exists for the courts to hold a constant and watchful supervision over the verdicts of juries, to the end that justice may be administered and the law vindicated.

The case at bar has but few elements in common with that class of cases which gave rise to the rule stated, and we are, therefore, the more reluctant to disturb the verdict.

Lands have not a standard value like the precious metals and many articles of commerce, the value of which can be accurately fixed by the testimony of witnesses. There is a recognized market value for most all articles of personal property that may be satisfactorily proven by direct testimony. Not so in regard to real estate. The values of this class of

property can only be ascertained from the opinions of witnesses; and men of good judgments and equal candor differ so widely in their estimates of values that such evidence is often very unsatisfactory. In such cases, an appellate court must necessarily place great reliance on the good sense and practical judgment of the jury who heard the evidence in the court below; and where the case has been fairly submitted under proper instructions, unless the verdict is so wholly unauthorized by the evidence as to appear to have been palpably the result of passion and prejudice, it will not be disturbed.

A number of witnesses place the value of the land taken at a higher sum than that found by the jury, while others of equal respectability, and whose judgments, so far as we can know, are entitled to equal weight, estimate the value at a much less sum. There are other witnesses who fix the value at the exact sum found by the jury. It is not possible for us, removed as we are from the scene of this transaction, and without any personal knowledge of the several witnesses, to say which is the better evidence, and on which the jury should have relied with the most confidence.

We find here so much conflict in the opinions of honest and intelligent witnesses as to the value of the land condemned, that we do not feel authorized to disturb the verdict of the jury, and the judgment must be affirmed.

*Judgment affirmed.*