ROCKFORD, ROCK ISLAND AND ST. LOUIS RAILROAD CO.

*v*

ROBERT R. McKINLEY.

1. ERROR—*irregularity in impaneling a jury—when may be availed of.* In a proceeding to condemn land for the use of a railroad, upon objection that the jury were not sworn in the manner directed by the statute, it was

*held*, that the objection came too late after verdict. The party being present when the jury were sworn, and not having made the objection at the proper time, he will be deemed as having waived whatever irregularity there may have been in the manner of swearing the jury.

2. Exceptions to depositions—*when to be taken.* Where objection is made to a deposition on the ground that the name of the witness was not in the notice to take depositions, the objection to be availed of must be made before the commencement of the trial, and if not so made, it will be considered as having been waived.

3. Eminent domain—*measure of damages for land taken—admissibility of evidence.* In a proceeding to condemn land for the use of a railroad, the jury are entitled to know the amount of land taken; how it affects the remainder; how it divides the farm, in case of farm lands, as to water, pasturage, improvements, etc.; and also the danger and inconvenience in the perpetual use of the track for moving trains over, and what injury, if any, to stock kept on the farm and many other things connected therewith better understood and better to be explained by persons of large experience in such matters, and, as a general rule, any evidence that tends to illustrate these various subjects is admissible. ·

Appeal from the Circuit Court of Mercer county; the Hon. Arthur A. Smith, Judge, presiding.

Messrs. Stewart & Phelps, for the appellant.

Messrs. Miller, Frost & Lewis, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

This was a case of condemnation of land, taken by appellant for the use of its railroad. The appellee is owner of a large tract of land, occupied mostly for farming purposes, and the amount of land sought to be condemned by the railroad company is a strip 100 feet in width, running through improved lands.

The first error assigned is that the jury who heard the cause in the circuit court were not sworn in the manner directed by the statute.

The objection can not avail the appellant anything in this court. It was the duty of counsel, when he saw that the jury were about to be sworn in a manner which he says is

contrary to law, to have suggested the same to the court; and having failed to do so, the appellant can not be permitted to urge the objection after verdict, either on a motion for a new trial, or, for the first time, in this court. Not having made the objection at the proper time, he will be deemed to have waived whatever irregularity there may have been in the manner in which the jury were sworn.

It is assigned for error that the verdict is against the evidence.

In this character of cases, the evidence consists largely, indeed almost entirely, of the opinions of witnesses familiar with the premises, as to the value of the land taken and the damages sustained. There must necessarity be great diversity of opinions. Men of good judgment and equal candor and opportunities for forming a correct judgment, differ widely in their estimates of values and the damages consequent upon the location of a railroad through a farm. It is peculiarly the province of a jury, in all such cases, to reconcile the testimony as best they can, and, except in cases where it is apparent that manifest injustice has been done, or where it plainly appears that the verdict is the result of passion or prejudice, we must decline to disturb it. The case at bar does not fall within the rule stated, and a new trial can not be awarded on the ground that the verdict is against the evidence. We are unable to say that it is not a fair verdict on the entire evidence in the case. *Ill. and St. L. R. R. and Coal Co.* v. *McClintock*, 63 Ill. 514.

It is urged that the court erred, to the prejudice of appellant, in admitting improper evidence.

The objection to the deposition of the witness Shores, on the ground that his name was not in the notice to take depositions, was not made in apt time. It should have been taken before the commencement of the trial, and if not so taken, it will be considered as having been waived. *Moshier* v. *Knox College*, 32 Ill. 155.

The exceptions to the rulings of the court in admitting evidence on the trial are too numerous to be noticed in detail. They consist, for the most part, in objections to the form of questions and the answers of the witnesses, and, in some instances, to the substance and relevancy of the testimony.

We perceive no serious error in the form of the questions or the answers of the witnesses, and in regard to the objection to the substance of the testimony, we may say, as a general rule, that any evidence that tends to put the jury in possession of all the facts is admissible.

The jury are entitled to know the amount of land taken; how it affects the remainder; how it divides the farm, in case of farm lands, as to water, pasturage, improvements, etc.; and also the dangers and inconveniences in the perpetual use of the track for moving trains over, and what injury, if any, to stock kept on the farm, and many other things connected therewith which are understood and can be better explained by persons of large experience in such matters; and we may say, as a general rule, that any evidence that tends to illustrate these various subjects is admissible. We perceive no marked departure from this reasonable rule in the admission of evidence in this case.

It is urged that the instructions given for appellee were improper, and calculated to mislead the jury. We do not think so. It may be that some of them are not as accurately drawn as they ought to have been, but when the whole series is considered together, no error appears that could mislead the jury to the prejudice of the appellant. In the main, they state the law correctly, and were such as the nature of the case required.

That some slight errors may appear in the record, is more than probable; but we are unable to perceive any substantial error that affects the merits of the case, and the judgment must be affirmed.

*Judgment affirmed.*