## O'Brien et al. v. Krockinski et al.

1. MECHANICS' LIEN—*Description of the Premises.*—The statute
requiring that the premises to be charged with the lien shall be correctly
described, does not mean that they shall be described with all the
minuteness and exactness that might be employed by an expert convey-
ancer. A description that so identifies the premises sought to be
charged as to render their location susceptible of ready ascertainment
from the description itself, is sufficient.

2. MECHANICS' LIEN—*Description of Premises—Variance.*—A variance
between the two descriptions consisted in the omission of one of the let-
ters "n" from the word Downing, so as to make it read " Dowing," and
of the words describing the part of section 23 in which the particular
addition referred to is located, and of the number of the meridian. *It was
held* that the omission of the letter "n" from the word Downing, making it
read " Dowing," however material under different conditions, is not
material here.

3. COURTS—*Judicial Notice.*—The court will take notice of the gov-

ernment surveys, and of the fact that all the land in Cook County lies east of the third principal meridian, so that when range thirteen east is mentioned, the court will supply the ellipsis.

4. MECHANICS' LIEN—*Verification of the Statement.*—A statement for a mechanics' lien was in the form of an affidavit, and stated that the exhibit attached was a just and true statement of the account due for lumber furnished, at the times in said statement mentioned, etc., and it appeared that the attached exhibit contained every particular, of kind, quality, size, price, and time of delivery of the materials, mentioned in exact detail. *It was held* that the affidavit and the exhibit clearly amounted to a statement, verified by affidavit, within contemplation of the statute.

Memorandum.—Mechanics' lien. In the Superior Court of Cook County. Appeal from an order dismissing the petition. Heard in this court at the March term, A. D. 1893. Reversed and remanded with directions. Opinion filed April 12, 1893.

The opinion states the case.

APPELLANTS' BRIEF, LEVI SPRAGUE, ATTORNEY.

The description is good, if the premises can be located. Lombard v. Johnson, 76 Ill. 599; Strawn v. Cogswell, 28 Ill. 457; Quackenbush v. Carson, 21 Ill. 99.

APPELLEES' BRIEF, HENRY C. RUSTON, ATTORNEY.

The law is now so well established that the verification must be a perfect and complete one, such as should be attached to a petition or other pleading demanding a verification, that it is almost superfluous to cite authorities to this honorable court. McDonald v. Rosengarten, 134 Ill. 126; McDonald v. Rosengarten, 35 Ill. App. 75; The A. R. Beck Lumber Co. v. Edward A. Halsey, 41 Ill. App. 349; Mary Seiler, impleaded, etc., v. Jacob Schaefer, 40 Ill. App. 74.

OPINION OF THE COURT, SHEPARD, J.

The controversy involved in this appeal has arisen over the sufficiency of the statement of account filed in the office of the clerk of the Circuit Court, to entitle appellants to a mechanics' lien against certain real estate.

The statute (Section 4, Chap. 82, Rev. Stat. Illinois) pro-

vides that the required statement shall contain a "correct description of the property to be charged with the lien," and it shall be "verified by an affidavit."

The petition for a lien was dismissed by the Superior Court, upon the recommendation of the master, to whom the cause was referred, who found that the statement did not contain a correct description of the property, and was not verified by an affidavit.

The statement with affidavit as filed, without the formal heading, was as follows:

"Charles F. Nelson, being first duly sworn, on oath says that he is the agent of O'Brien, Green & Co., and that the attached 'Exhibit A' is a just and true statement of the account due to O'Brien, Green & Co. from Charles A. Krochinski, for lumber, etc., furnished said Chas. A. Krochinski at the times in said statement mentioned, which various amounts are due and payable sixty days from and after the respective dates thereof. And affiant says that the lumber, etc., in said statement mentioned, were used in the construction and improvement of a three-story brick building, situated upon the following described premises in the County of Cook and State of Illinois, to wit: Lot 10, block 2, Dowing, Corning & Prentiss' Douglas Park Addition to Chicago, section 25, township 39 north of range 13 east; and affiant says that there is now due and owing to said O'Brien, Green & Co., from said C. A. Krochinski, at whose request said material, lumber, etc., was furnished as aforesaid, after allowing to him all just credits, deductions and set-offs, the sum of $517.95, for which amount said O'Brien, Green & Co. claims a lien upon the above described premises.

CHARLES F. NELSON.

Subscribed and sworn to before me this 25th day of January, A. D. 1892.

HENRY BEST, Clerk."

Then follows a particular description of the lumber, in feet, sizes, price, etc., and the time of delivery of each part thereof.

A technically exact description of the premises, according to a statement in appellee's brief, would be as follows:

"Lot ten (10), in block two (2), in Downing, Corning & Prentiss' Douglas Park Addition to Chicago, being a subdivision of block four (4) and lot two (2) in block three (3), in Circuit Court partition of the east one-half of the northeast one-quarter, and that part of the east one-half of the southeast one-quarter, lying north of the centre line of Ogden avenue, of section twenty-three (23), township thirty-nine (39) north, range thirteen, east of the third principal meridian, Cook county, Illinois."

The variations between the two descriptions consists in the omission of one of the letters " n " in the word Downing, so as to make it read " Dowing," and of the words describing the part of section twenty-three in which the particular addition referred to is located, and of the number of the meridian.

The statute requiring that the premises to be charged with the lien shall be correctly described, does not mean that they shall be described with all the minuteness and exactness that might be employed by an expert conveyancer. A description that so identifies the premises sought to be charged, as to render their location susceptible of ready ascertainment from the description itself is sufficient.  3 Washburn on Real Property, 423 (5th Edition).

" If sufficiently described to enable a surveyor to locate it (the land), then the instrument is good and binding." White v. Hermann, 51 Ill. 243.

The omission of the letter " n " from the word Downing making it read " Dowing," however material under different conditions, is not material here.  The names following that one make it perfectly clear what addition was referred to, and that is enough.  The doctrine of *idem sonans* need not be called upon, but if resorted to, the authority of Chiniquy v. Catholic Bishop, 41 Ill. 148, holding that spelling the name " Antoine," " Otaine," did not constitute a variance, is applicable.  There is less difference of sound between Downing and Dowing, than between Antoine and Otaine.

The court will take notice of the government surveys, and of the fact that all the land in Cook county lies east of the

third principal meridian; so that when range thirteen east is mentioned, the court will supply the ellipsis. White v. Hermann, *supra.*

As to the other defect alleged to exist in the description of the premises, because it does not, in addition to naming the lot and block in the specified addition to Chicago, and the section, township and range, go farther and particularly specify the part of that section which the addition includes, we entertain no doubt.

In the description given, the state, county, city, lot, block, addition, section, township and range are specifically and correctly named. That the lot described could be located by the description by a surveyor, or by any other person accustomed to such matters, is certain. Nothing more is required. No set form of words is required, but only such language as clearly designates the land. A description sufficient to pass title under is enough. The property was correctly described within the meaning of the statute. Blakeley v. Bestor, 13 Ill. 708; Williams v. Warren, 21 Ill. 541; Strawn v. Cogswell, 28 Ill. 457; Chiniquy v. Catholic Bishop, 41 Ill. 148; White v. Hermann, 51 Ill. 243; Bowen v. Prout, 52 Ill. 354; Dougherty v. Purdy, 18 Ill. 208; Worden v. Williams, 24 Ill. 74; Dickenson v. Breeden, 30 Ill. 279.

It remains to be determined whether the statement of account was properly verified. " Verification, in this connection, plainly means, certifying that the statement as made is true." McDonald v. Rosengarten, 134 Ill. 126.

The statement and affidavit, here, are essentially different from that appearing in McDonald v. Rosengarten, 35 Ill. App. 75, and the same case in 134 Ill. 126, and in Beck Lumber Company v. Halsey, 41 Ill. App. 349. There it was, in the language of the Supreme Court, "merely an affidavit that the claimant has performed the labor and furnished the materials, not as set forth, but, simply, set forth in the above statement of claim," and amounted to no verification of any particular time of furnishing them. A verified statement of the time when the material was furnished is one of the statutory requirements.

Here the whole statement is in the form of an affidavit, and states that the exhibit attached is a just and true state-ment of the account due for lumber furnished, at the times in said statement mentioned, etc.

Looking at the attached exhibit we find every particular of kind, quality, size, price, and time of delivery of the materials, mentioned in exact detail, even beyond a literal fulfillment of the statute. This most clearly amounts to a statement, verified by affidavit, within the contemplation of the statute. It was enough that the affidavit should con-clude with the jurat which appears on it. Yates' Pleadings, 1 and 2; 2 Chitty's Pleadings, 5 and 6 (9th Am. Ed. of 1844); 1 Humphrey's Precedents, 431; Ryan v. Driscoll, 83 Ill. 415; Dyer v. Flint, 21 Ill. 80; Cook v. Yarwood, 41 Ill. 115; Kruse v. Wilson, 79 Ill. 233; Singleton v. Wofford, 3 Scam. 576.

It appears from the master's report that the appellants were entitled to a lien and decree for the amount found by him to be due from the appellee, Krochinski, except for the objections we have considered, and none of the appellees appear to have excepted to his finding in that regard.

We will therefore reverse and remand the cause, with directions to the Superior Court to enter a decree for the amount found due appellants by the master, viz., $551.09, as a first and paramount lien upon the premises, both land and buildings.

If in case of sale, there should be a surplus of the proceeds, it will be distributed as the rights of other parties may appear.

Reversed and remanded with directions.