THE METROPOLITAN WEST SIDE ELEVATED RAILROAD CO.

*v.*

JOSEPHINE M. DICKINSON, impleaded, etc.

*Filed at Ottawa March 28, 1896.*

1. APPEALS AND ERRORS—*when verdict in condemnation will not be disturbed.* A verdict of damages to a lot will not be disturbed, on appeal, as excessive in amount, merely because it is larger in proportion to the actual value and damage than the same jury awarded for an adjoining lot, or because it is greater than the average of the testimony of all the witnesses on the subject, especially when the number of those on the two sides is not the same.

2. SAME—*inadmissible expert testimony—when not ground for reversal.* Inadmissible expert testimony as to damages to real property is not ground for reversal, where it was not different from that given by competent witnesses and where the jury viewed the premises.

3. EVIDENCE—*opinions of experts—when witness is not qualified to give opinion.* The opinions of witnesses testifying, from a plat and upon hypothetical questions, as to the damage to market and rental value which an elevated railroad would cause to premises with which they are not acquainted, are not admissible, where their previous experience had been confined to a single road within the narrow limits of one locality in another part of the same city.

APPEAL from the Superior Court of Cook county; the Hon. NATHANIEL C. SEARS, Judge, presiding.

E. J. HARKNESS, (W. W. GURLEY, of counsel,) for appellant.

ELBERT H. GARY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant filed its petition in the county court of Cook county for the condemnation of certain property required for the uses of its railroad, and the venue of the cause was, by agreement, changed to the Superior Court of said county. Among the tracts described in the petition was the lot of appellee on the south side of Warren avenue, having a frontage of forty-four feet upon said

avenue and running back one hundred and twenty-two feet to an alley. Appellant's right of way extends from the front of the lot along the west side, a distance of seventy-eight feet, without taking any part of the lot, and from that point a strip eight and one-half feet wide and forty-four feet long is taken from the side of the lot to the alley in the rear. By the verdict of the jury appellee was allowed $4905.94, and judgment was entered on the verdict.

But two questions are presented on this appeal: First, whether the verdict was excessive in amount; and second, whether the court admitted incompetent testimony offered by defendant.

There was a two-story frame building upon the lot along the side of which the petitioner's railroad was located. The strip actually taken was required for an extension of the east platform of the Madison street station, which would overhang that part of the lot. The kitchen of the dwelling house extended upon the part of the lot taken. The platform, when constructed, would be above this part of the building, and it was stipulated that there should be no actual physical interference with that part of the kitchen during the life of the building. The testimony on the part of the petitioner as to the value of the part taken and damage to the residue ranged from $1326.28 to $1708.02, and the testimony of defendant from $5387.41 to $6334.43. The argument that the amount allowed was excessive is based upon a comparison of the verdict in this case with the verdict of the same jury as to the adjoining lot, where there was an allowance of $17,023.30, (being a less sum, in proportion to land taken,) and upon the fact that the verdict in this case was greater than the average of the testimony of the witnesses for the respective parties. Neither of the alleged grounds would justify an interference with the verdict. If it were true that a larger sum was allowed in this case, in proportion to the actual value and dam-

age, than in the case of the adjoining lot,—which, from the different conditions and improvements, we are unable to say was a fact,—there would be just as good ground, so far as this court can know, for saying that the verdict as to the adjoining property was too low as that the one in this case was too high. Nor should the averaging of estimates or opinions of witnesses, even where they are equal in number on both sides, be conclusive as to what the verdict should be; and this is particularly so when, as in this case, counsel takes an average of all the testimony, and the number of witnesses estimating on the two sides are unequal. There was a very wide difference of opinion between the witnesses for the respective parties. The jury viewed the premises, and their verdict was presumably sustained by that view. It was also supported by competent evidence introduced on the trial.

On the question of damages to the remainder of the lot not taken, the court admitted, against the objection of petitioner, the testimony of three witnesses who knew nothing about the property and were not acquainted with it or with its value, and one of them, at least, did not even know the direction of the street on which it was located. These witnesses had property in the vicinity of another elevated railroad in Chicago, and they were examined for the purpose of showing that they knew, from actual experience, the physical effects upon adjoining property of an elevated railroad of the same general character as this one, in the way of noise, smoke, gases, etc., and the effect of the operation and construction of such a road upon the rental and market value of property in its vicinity. The court did not permit them to testify as to what effect was actually produced by the other elevated railroad upon their property, and only admitted proof that they were possessed of some knowledge and experience on that subject. This would not have been improper if the witnesses had been qualified to give an opinion as to the tract of land in question, since the facts so proved

would have enabled the jury the better to judge the value of such opinions. (*Johnson* v. *Freeport and Mississippi River Railway Co.* 111 Ill. 413.) This evidence, however, was admitted, as stated, for the purpose of qualifying the witnesses to testify as experts in the case, and they were allowed to so testify, from a plat and on hypothetical questions, as to the percentage which, in their opinion, this property would suffer in its market and rental value by the construction and operation of the road. It has frequently been held that any person who is acquainted with land and its value may give an opinion as to such value and as to damages. (*White* v. *Hermann*, 51 Ill. 243; *Keithsburg and Eastern Railroad Co.* v. *Henry*, 79 id. 290 ; *Johnson* v. *Freeport and Mississippi River Railway Co. supra; Chicago, Peoria and St. Louis Railway Co.* v. *Nix*, 137 id. 141.) Such matters are not ordinarily questions of science, skill or trade, and do not require any previous course of study to obtain a knowledge of them. The conclusion of the jury as to the damages that will result in the future to the portion of the tract not taken by the construction of the railroad is not the ascertainment of an existing fact, but only the judgment or belief of the jury as to what the fact will be. The estimate or conclusion, both with the jury and with witnesses, necessarily depends upon mere opinion or belief. Questions of value and damage, in such cases as this, are not beyond the scope of ordinary affairs, and do not call for the assistance of experts. In such cases, witnesses who are acquainted with the property and its value are capable of forming a correct judgment and giving their opinion, and the jury may see the property themselves and can understand the controverted questions of fact submitted to their decision without the aid of experts who never saw it. Even if expert testimony were admissible, these witnesses were not qualified as experts. Their previous experience had been confined to a single road, within the narrow limits of one locality. It was improper to admit their testimony.

We are not satisfied, however, that the judgment should be reversed for the error in ruling upon the admission of the expert testimony. The conclusion to be drawn from it was not different from that to be drawn from the evidence of the witnesses whose testimony was entirely competent, by which the verdict was sustained. The jury could see that these alleged experts knew no more about such ordinary matters than they or the other witnesses did. The personal examination of the premises by the jury in such cases deservedly has great weight, and in view of that fact and of all the evidence we do not feel justified in disturbing the verdict.

*Judgment affirmed.*