## Peter Fox v. The Chicago & South Side Rapid Transit R. R. Co.

1. EXPERT TESTIMONY—*As to Values of Real Estate.*—Testimony as to the value of real property, and what damage is done to it by the construction of a railroad, is almost entirely a matter of opinion about which the judgment of competent men will, to some extent, vary, and as to which the opinion of experts is admissible.

Trespass on the Case.—Damages to real property by the construction of a railroad. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 21, 1897.

### STATEMENT OF THE CASE.

This was a suit in case brought by the appellant, Peter Fox, against the appellee to recover for alleged damages to certain real estate situated at the southwest corner of 63d street and Grace avenue, in the city of Chicago.

The property was said to have been damaged by the construction and operation of an elevated railroad by the appellee in 63d street immediately in front of the property aforesaid.

There is a single count in the declaration which avers, *inter alia*, "that by reason of the construction and operation of the said elevated road egress and ingress to plaintiff's property has been rendered difficult and dangerous, and his use of 63d street damaged and destroyed, and plaintiff has

lost thereby the ordinary uses of said street; that defendant has stopped and run backward and forward these trains and engines with great noise of whistles blowing, bells ringing, escaping steam, grinding and rumbling of wheels by plaintiff's property, by means of which plaintiff's property is damaged and destroyed; by means of the several premises plaintiff's property, rents and improvements have and will be damaged in amount $75,000."

Witnesses for both plaintiff and defendant were permitted to testify to their opinion as to the past, present and future value of appellant's property, and the effect upon the value thereof of the railroad constructed by appellee.

Defendant filed a plea of general issue. The cause was tried before a jury, the verdict being not guilty.

DOUTHART & GARVY, attorneys for appellant.

WALKER, JUDD & HAWLEY and EDWARD C. NICHOLS, attorneys for appellee; WILLIAM W. GURLEY, of counsel.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellant says:

" I.   The judgment is contrary to the law and evidence.

II.   The court below admitted improper evidence on behalf of appellee and over the objection of appellant.

III.   The court below excluded proper evidence offered by appellant.

IV.   The court below erred in giving to the jury the ten instructions, and each of them, on behalf of appellee."

As only the second is argued, the others, it is presumed, are abandoned.

Testimony as to what the value of real property has been, is, and will be, and what damage, if any, is done to it by the construction of a railroad, is, in the nature of the case, almost entirely a matter of opinion, about which the judgment of competent men will, to some extent, vary.

As to these matters, the opinion of experts is admissible.

Ottawa Gas Light & Coke Co. v. Graham, 35 Ill. 346; Johnson v. Freeport and Miss. Ry. Co., 111 Ill. 413; Galena & Southern Wisconsin R. R. Co. v. Haslam, 73 Ill. 494; Lovell v. Drainage District, 159 Ill. 188; Spear v. Drainage Commissioners, 113 Ill. 632; Green v. City of Chicago, 97 Ill. 371; L. B. & M. R. Co. v. Winslow, 66 Ill. 221; C. P. & St. L. Ry. Co. v. Nix, 137 Ill. 143; Metropolitan & W. S. Elevated Ry. Co. v. Dickinson, 161 Ill. 22.

The evidence was such that we do not think that the judgment should be reversed.

The judgment of the Circuit Court is affirmed.