The Chicago Terminal Transfer Railroad Company

*v.*

Jennie A. Bugbee, Admx. *et al.*

*Opinion filed February 19, 1900.*

1. Eminent domain—*proper elements of damage in condemnation for right of way.* In estimating compensation for land taken and damaged by the condemnation of a railroad right of way, it is proper to consider the size and shape of the parts into which the farm is divided, and the difficulty of access to or between the different parts caused by the construction of the road.

2. Same—*verdict not disturbed unless clearly against evidence.* Unless palpably against the evidence a condemnation verdict will not be set aside as excessive where the jury viewed the premises and the testimony on the question of value is conflicting and diverse.

3. Evidence—*when testimony is properly denied admission.* The testimony of a witness as to the value of property sought to be taken by condemnation is properly denied admission where he testifies that he had never seen or been on the property and knew nothing of its value, and the parties have exhausted the number of expert witnesses limited by the court under their stipulation.

Appeal from the Circuit Court of Cook county; the Hon. John C. Garver, Judge, presiding.

This is a condemnation proceeding, brought by the appellant to condemn a strip of land through a farm of the appellees, located about twenty-five miles south of

Chicago and near Glenwood on the line of the Chicago and Eastern Illinois railroad. The strip, sought to be condemned, contains four acres of ground, and the farm of appellees, through which the strip ran, consisted of one hundred and sixty acres. The appellees entered their appearance and claimed compensation for the land taken, and, by way of cross-petition, damages to the part of the farm not taken. The jury found the value of the land taken to be $500.00, and the damage to the land not taken to be $4500.00. A motion for a new trial was made and overruled, and judgment of condemnation was rendered in accordance with the verdict of the jury.

The present appeal is prosecuted from the judgment so rendered.

K. K. KNAPP, and MARK BREEDEN, Jr., for appellant.

ELA, GROVER & GRAVES, and MUNSON T. CASE, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—It is claimed by the appellant company, that the verdict is excessive. The record shows, that the jury made an examination and took a view of the farm and its surroundings. The valuation, placed upon the land by the witnesses for the appellant, was from $65.00 to $90.00 per acre, while the estimate of value given by the witnesses for the appellees varied from $125.00 to $200.00 per acre. In awarding $500.00 as compensation for the four acres taken, the jury evidently accepted $125.00 per acre as the correct value.

In arriving at the amount of the damages to the portion of the farm not taken, the jury fixed upon a sum, to-wit, $4500.00, which was less than the lowest estimate of damages made by the witnesses for the appellees. The witnesses for the appellant testified, either that the

portion of the farm not taken would be damaged to a very small amount, or that such portion would be actually benefited by the running of the railroad through the farm. The theory of the witnesses for the appellant seems to have been, that the remainder of the farm, after locating the railroad right of way through it, would receive an increased value in the future by reason of its supposed adaptability to the erection of factories and manufacturing establishments thereon. This estimate of a future increase in value, by reason of the expected erection of factories, was, in a large degree, speculative and chimerical. The witnesses for the appellees estimated the damages to the portion of the farm not taken at figures running all the way from $5280.00 to $15,000.00.

The testimony shows, that the railroad right of way, sixty-six feet wide and containing four acres, as projected, would run through the dwelling-house, door-yard, garden and corn-cribs upon the farm; that the railroad would be in close proximity to barns and farm buildings, and would separate and divide the farm in such a way as to cut it into two parts, leaving nineteen and one-half acres, with the shade trees, pasturage, and building site, on the east side of the railroad, and the remainder of the one hundred and sixty acres on the west side of the railroad. The public highway, or wagon road, by means of which the station is reached from the farm, runs in a south-westerly direction, touching the north-west corner of the farm, and is reached by a private roadway running east and west upon the extreme north end of the farm. The road, as projected, separates the farm buildings from the adjoining highway, so that to reach the wagon road it would be necessary to cross the railroad. The proof shows that the construction of the railroad would necessitate the erection of an embankment some six feet in height over one part of the farm, and that through another part there must be a cut or excavation. The evidence also shows, that the farm is one of the richest and

best in the neighborhood, and is well drained with an underground system of tiling. The railroad of appellant would be used, not only for its own business and trains, but would have a double track belt and terminal line, over which the cars and engines of other railroads would pass; and thus the danger of fire would be increased, and the crossing of the railroad would be made dangerous for the occupants of the farm.

Under the circumstances above detailed, we are unable to say that the verdict of the jury, in awarding $500.00 for the land taken and $4500.00 for the land not taken, was excessive in amount. Where a railroad crosses a farm, it is always proper, in estimating the amount of compensation for the land taken and for damages to the land not taken, to consider the size and shape of the parts into which the farm is divided, and the inconvenience, if any, which arises in the practical use of such parts. In estimating the owner's compensation for land taken by a railroad which divides it into two parts, the difficulty of access to the different parts and the inconvenience of connection between them, caused by the construction of the road, are proper elements of damage. (10 Am. & Eng. Ency. of Law,—2d ed.—p. 1169, and cases in the notes; *Rockford, Rock Island and St. Louis Railroad Co.* v. *McKinley,* 64 Ill. 338; *Jones* v. *Chicago and Iowa Railroad Co.* 68 id. 380; *Chicago and Iowa Railroad Co.* v. *Hopkins,* 90 id. 316; *Centralia and Chester Railroad Co.* v. *Brake,* 125 id. 393; *Chicago, Peoria and St. Louis Railway Co.* v. *Eaton,* 136 id. 9; *Chicago, Peoria and St. Louis Railway Co.* v. *Blume,* 137 id. 448; *Chicago, Peoria and St. Louis Railway Co.* v. *Greiney,* 137 id. 628).

Where the jury in a condemnation proceeding have had a personal view to aid them in understanding the other evidence, and where there is a diversity of opinion and conflict of testimony as to the value of the property sought to be taken, the finding of the jury will not be disturbed on the ground that the damages allowed are

excessive, unless such finding is palpably against the weight of the evidence. (*Chicago and Evanston Railroad Co.* v. *Blake,* 116 Ill. 163; *Hercules Iron Works* v. *Elgin, Joliet and Eastern Railway Co.* 141 id. 491; *Chicago General Railway Co.* v. *Murray,* 174 id. 259; *Rock Island and Peoria Railway Co.* v. *Leisy Brewing Co.* 174 id. 547).

We discover nothing in this case to lead us to the conclusion, that the verdict rendered by the jury is clearly against the weight of the evidence.

*Second*—The appellant contends that the trial court refused to admit proper evidence offered by it upon the trial of the case. The ruling of the court first complained of is, that it refused to admit the testimony of a witness, named Phillips, as to the value of the property sought to be taken. The appellant suffered no injury from this action of the court for two reasons. In the first place, the witness testified that he had never seen or been on the farm in question, and knew nothing of its value. In *Sewell* v. *Chicago Terminal Railroad Co.* 177 Ill. 93, which is relied upon by the appellant, it appeared that the witness, whose testimony was excluded, "was acquainted with the property, owned land adjoining it and was acquainted with its value and the values of land in that vicinity." Such was not the case here with the witness Phillips. In the second place, a stipulation was entered into by the parties in open court, that the expert witnesses called to give their opinions as to the value of the land taken and damaged should be limited in number to seven for the petitioner, and to a like number for the respondents. Upon that stipulation, the court limited the number of witnesses to seven for each side. Appellant called seven expert witnesses, not including Phillips, as to the value of the land taken and damaged, and, also, called seven other witnesses not experts, including Phillips. The respondents below called only seven witnesses as to value and damages. As appellant had the benefit of the full number of witnesses permitted under

the stipulation and the ruling of the court, it suffered no harm from the exclusion of the testimony of Phillips.

The second complaint of appellant as to the rulings of the court upon the evidence is, that a witness, named Miller, was allowed to testify as to the effect of another belt line railroad (not the one in question here) upon two hundred and forty acres of land in a distant section, called section 27, four miles away from the land in controversy, which had been sold some eight years before the trial. The object of the testimony of Miller was to show the effect, eight years theretofore, under entirely different conditions, of the erection of another belt line railroad upon the value of the land so sold and so located. The substance of this evidence was very remote and speculative as affecting the issues involved, both as to point of time and location; and it was immaterial how the erection of another belt line railroad affected other property four miles away, and as far back as eight years. In *Metropolitan West Side Elevated Railroad Co.* v. *Dickinson*, 161 Ill. 22, we said, in relation to the testimony of witnesses called as experts: "Their previous experience had been confined to a single road, within the narrow limits of one locality. It was improper to admit their testimony." But even if the court erred in the respect thus indicated, the error was cured at a later stage in the examination of the witness, because subsequently, and in answer to questions put to him upon his re-direct examination, he stated the effect of the construction of the other belt line railroad upon the land in section 27. Hence, the appellant had the benefit of his testimony upon this subject.

We discover no material error in the record, which would justify us in reversing the judgment entered below. Accordingly, the judgment of the circuit court is affirmed.

*Judgment affirmed.*