The Birds Drainage District, Defendant in Error, *vs.* The Cairo, Vincennes and Chicago Railway Company, Plaintiff in Error.

*Opinion filed December 17, 1912.*

1. Drainage—*objection that petition does not state that right of way of railroad is within district may be waived.* An objection that the petition to organize a drainage district under the Levee act does not state that the defendant railway company's right of way is located within the district must be raised in the county court, and if not so raised is waived on appeal.

2. Same—*when failure to give notice to non-resident owner is waived.* Failure to give to a non-resident land owner in a drainage district the notice provided for in section 3 of the Levee act is waived where such non-resident appears and contests the assessment on its merits.

3. Same—*when commissioners' report of assessment is filed in time.* Failure to file the commissioners' report of assessments on the day originally fixed by the court is not an objection to the assessment, where the court, by an order made within the proper time, extended the time for filing the report, which was filed within the time so extended.

4. Same—*when fact that commissioners assessed right of way in name of lessee railroad is not fatal.* A drainage assessment is against the land, and the fact that the right of way of a railroad company is assessed by the commissioners in the name of the lessee railroad does not preclude the jury from assessing the benefits to the right of way in the name of the owner thereof as well as the lessee, particularly where such owner appeared and contested the assessment on its merits before the jury.

5. Same—*when annual assessment for repairs cannot be levied.* Construing sections 17, 17b and 17½ of the Levee act in connection with the remainder of the act, an annual assessment for keeping the work in repair can be levied under such act only when the district is organized as a levee and drainage district, and not where it is organized solely for agricultural, sanitary or drainage purposes, independent of levees.

6. Same—*the amount assessed as benefits not disturbed as excessive unless palpably too high.* Where the jury, in assessing drainage benefits, not only heard the witnesses but also viewed the premises, their verdict assessing benefits to a particular tract of land will not be disturbed by the court as being excessive unless it is clearly and unmistakably so.

WRIT OF ERROR to the County Court of Lawrence county; the Hon. JASPER A. BENSON, Judge, presiding.

GEE & BARNES, and P. J. KOLB, (L. J. HACKNEY, of counsel,) for plaintiff in error.

GEORGE W. LACKEY, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a writ of error sued out from this court by the Cairo, Vincennes and Chicago Railway Company to review the record of a drainage assessment levied by the commissioners of the Birds Drainage District and confirmed by the county court of Lawrence county against the right of way of said railway company for benefits received by reason of an improvement by said district. Certain land owners filed a petition to the September term, 1909, of said county court to organize under the Levee act a drainage district embracing lands situated in Lawrence and Crawford counties, the greater part in the first named county. Notice was given as provided by statute, and after a hearing the district was organized by the county court. Thereafter an assessment of $11,391.25 as benefits was levied against the right of way of the said railway company but in the name of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, as lessee. This assessment was cut down to $10,000 by the jury which was subsequently empaneled, and an annual assessment of $500 for making repairs was also levied against said right of way. Both of said assessments were confirmed by the county court.

Appellant contends that the assessments were void by reason of the fact that the petition to organize the district did not allege that the right of way of plaintiff in error was located in said district. Section 2 of the Levee act provides that the petition shall state the names of the land owners within the district, when known. It does not ap-

pear from the record that petitioners knew that plaintiff in error was the owner of said right of way at the time the petition was filed, and the question whether the petition is defective because it failed to state the right of way of the plaintiff in error was located within the boundaries of the district was not raised in the court below. That defect in the petition is therefore waived. It is too late to raise it here for the first time. *Sny Island Drainage District* v. *Shaw,* 252 Ill. 142, and cases cited.

It is further contended that the plaintiff in error was not a resident of the district and was not notified of the filing of the petition for the organization of the district by mailing a notice, as is provided by section 3 of the Levee act. There is no proof in this record that the plaintiff in error was not a resident of the district. If, however, it were conceded that it was a non-resident and was not notified of the filing of the petition, as provided by said section 3, it voluntarily appeared and contested the assessment on its merits, thereby waiving want of notice. *Hercules Iron Works* v. *Elgin, Joliet and Eastern Railway Co.* 141 Ill. 491; *Eddleman* v. *Union County Traction Co.* 217 id. 409.

The further contention is made that the commissioners did not present their report of assessments or benefits on the day fixed by the court, but that said report was presented at a later date, at which time the court was without jurisdiction to permit said report to be filed. An additional abstract has been filed by the defendant in error, which shows that the time at which the commissioners were to report was extended by an order of court made within the proper time and that the report of the commissioners was filed within the time fixed by the court.

A further contention is urged that there was no assessment made against plaintiff in error's right of way by the commissioners, and that the jury, by reason of such omission, could not make a valid assessment for benefits. The

commissioners made an assessment for benefits against the right of way of the plaintiff in error but in the name of the lessee, the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. When the jury was summoned to review the commissioners' report of benefits and fix the compensation as to that portion of the right of way taken for drainage ditches, plaintiff in error appeared and contested the assessment on its merits. An assessment for benefits made against such right of way by the commissioners was confirmed by the court against not only plaintiff in error as the owner of the fee, but the Cleveland, Cincinnati, Chicago and St. Louis Railway Company as the lessee thereof. A special assessment of the character of this is not an assessment *in personam,* but is an assessment for benefits entered against the land. (*Illinois Central Railroad Co.* v. *East Lake Fork Special Drainage District,* 129 Ill. 417.) The contention on this point is therefore without force.

A further contention is made that the assessment against plaintiff in error's right of way is too high. The jury not only saw and heard the witnesses but visited the premises. We have held under such circumstances the verdict will not be disturbed on the ground that it is excessive unless it is clearly and unmistakably so. (*Hercules Iron Works* v. *Elgin, Joliet and Eastern Railway Co. supra; Chicago Terminal Railroad Co.* v. *Bugbee,* 184 Ill. 353.) The lands situated within the boundaries of the Birds Drainage District are low and swampy and subject to overflow of a stream known as Brushy Fork creek, which flows through the district and crosses the right of way at more than one point within the four miles that the right of way traverses the district. On numerous occasions said stream has washed out the embankment on which the tracks of plaintiff in error are situated. Obviously, the draining of the lands in the district, especially those in proximity to the right of way of plaintiff in error, will be of great benefit to the property. The weight of the evidence clearly

supports the verdict of the jury as to the benefits, other than annual benefits, which the right of way of plaintiff in error will sustain by the improvement which is being constructed by the drainage district.

A further objection is, that the commissioners could not assess annual benefits against the right of way of plaintiff in error. Section 2 of the Levee act (Hurd's Stat. 1911, p. 872,) enables owners, under certain conditions, to establish a drainage district for a "combined system of drainage or protection from overflow, independent of levees, for agricultural, sanitary or mining purposes and maintain the same by special assessments upon the property benefited thereby," etc. The petition under which this district was organized states specifically that it was to be established for the purpose of making "a combined system of drainage, independent of levees, for agricultural and sanitary purposes." Sections 17, 17b and 17½ of the Levee act, as amended and in force May 29, 1909, specifically refer to assessments of the "annual amount" of benefits which may be levied for keeping the work of the district in repair. It is under the law as then amended that this assessment was levied. Section 17 provides, in part, that the drainage commissioners, after assessing the different tracts of land for the amount of benefits and damages, "shall also, in cases where the district is not organized for a combined system of drainage independent of levees, make an assessment of the 'annual amount' of benefits which each tract will sustain by keeping said levees, ditches or other work in repair," etc. Section 17b contains provisions with reference to the jury examining the land and making the assessment of benefits and fixing the amount of damages to lands taken or damaged, and also provides that the jury shall ascertain "the 'annual amount' of benefits which each tract will sustain by keeping said levees, ditches or other work in repair (in cases where the district is not organized for a combined system of drainage independent of levees,) and said jury shall make

out their verdict in which shall be set down in proper columns the names of the owners, * * * and the amount of benefits assessed, if any, and the amount of damages allowed, if any, against each tract, railroad, public highway, or municipal corporation; also, when required by this act, the amount of 'annual benefits,' if any, which each tract will sustain by keeping said levees, ditches or other work in repair." Section 37 of the act provides for the levying of an additional assessment if the first assessment is not sufficient to construct the work, and also provides for an additional assessment for maintaining or repairing the work of the district.

From the wording of sections 17, 17*b* and 17½, in connection with the rest of the Levee act, we think the conclusion must be reached that an annual assessment for making repairs cannot be levied under this act when the district was organized for drainage purposes without the construction of levees,—that is, that the annual assessments for keeping the work in repair can only be levied when the district is organized as a levee and drainage district, and not solely for agricultural, sanitary or drainage purposes independent of levees. This being so, the commissioners in this district, which was organized for a combined system of drainage independent of levees, were without authority to assess annual benefits against any of the property owners. The county court erred in confirming the annual assessments as thus levied.

The judgment is affirmed as to the chief or principal assessment of $10,000 but will be reversed as to the annual assessments, and the cause remanded to the county court, with directions to sustain the objection as to said annual assessments.

*Affirmed in part and reversed in part and remanded, with directions.*