# THE UNION NATIONAL BANK OF CHICAGO
## v.
## LEWIS H. BALDENWICK.

1. EVIDENCE — *as to what facts established by — for the jury to determine* In cases where the evidence is conflicting it is for the jury to determine what facts, if any, have been established.

2. SAME — *burden of proof — upon party holding the affirmative.* Where a party affirms the existence of a material fact he must prove it, and unless established by proof, the negative is presumed.

3. SAME — *when the presumption of the truth of the negative is not overcome.* Where the proof preponderates in the slightest degree in favor of the negative of a material fact in issue, or is equally balanced, or the jury are unable to determine that it preponderates in favor of the affirmative, the presumption of the truth of the negative is not overcome.

4. SAME — *where too remote — must be rejected.* Where the evidence tending to prove an issue involved is so remote that it does not appear to have an obvious tendency to elucidate the facts in question, it should be rejected.

5. Same — *party not restricted to the employment of any particular kind of evidence.* A party in proof of, or defense to a claim, is not restricted to either positive or circumstantial evidence; he may employ either, or both, as he chooses.

6. Same — *of a fact* — *where a party can and cannot be limited in the number of witnesses he may call to prove it.* Where a material fact in issue is not controverted, the court may limit the number of witnesses to prove it; but where it is contested, the rule is otherwise.

7. Same — *admissibility of.* In an action against a bank to recover the amount of an one hundred dollar counterfeit bank bill, alleged by the plaintiff to have been paid to him by the paying teller of the bank, the defendant offered to prove that the bill in question had never been received into the bank, which the court refused to permit, — *held,* that the evidence was admissible, for if true, it established the negative of the fact in issue, namely, that the plaintiff never received the bill from defendant, and it was, therefore, error to exclude it.

8. Money — *received* — *counterfeit must be returned within a reasonable time* — *what a reasonable time* — *jury to determine.* And where, in such case, the party receiving the bill failed to offer to return it to the bank until the lapse of about thirteen or fourteen days thereafter, it is a question for the jury to determine whether such offer to return, under the facts and circumstances of the case, was made within a reasonable time, as is required to be done in such cases.

Appeal from the Superior Court of Chicago.

The facts in this case fully appear in the opinion.

Messrs. Fuller & Shepard, for the appellant.

Mr. S. K. Dow, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

This action was originally commenced by Lewis H. Baldenwick, before a justice of the peace, in Cook county, against The Union National Bank of Chicago, to recover the amount of a one hundred dollar counterfeit bank bill. A trial was had before the justice of the peace resulting in a judgment in favor of plaintiff. An appeal was prosecuted to the Superior Court, a trial was there had, resulting in a similar judgment; and the case now comes to this court on appeal.

It is urged that the evidence in the case does not sustain the verdict.   There was evidence in the case tending to show that appellant had paid the bill to appellee and that it was counterfeit.   There was likewise evidence tending to contradict that testimony.   In such a case, it is the province of the jury to find what, if any thing, the evidence proves.   A plaintiff, as in this case, holding the affirmative of an issue, must prove it. Until established by proof the negative is presumed to exist. If on the trial the evidence preponderates in the slightest degree in favor of the negative, or is equally balanced, or where from the evidence the jury are unable to say, that it preponderates in favor of the affirmative, then the presumption of the truth of the negative of the issue is not overcome.   It is not for the defendant to prove the negative, but it devolves upon the plaintiff to prove the affirmative before he can recover. The defendant is bound to prove nothing until the plaintiff has proved the affirmative by at least *prima facie* evidence; and then, and not till then, the defendant, to defeat a recovery, must overcome plaintiff's evidence by rebutting proof.   Before appellee was entitled to recover in this case, he was bound to prove by a preponderance of evidence that the bill was spurious; that he received it from appellant and offered to return it in a reasonable time.   He was required to identify it by at least a preponderance of evidence, and of the weight of the evidence the jury were the judges.   In the view which we take of the case, we deem it improper to discuss the weight of proof.

On the trial in the court below, appellant offered to prove that the bill in question was never received into the bank by the receiving teller; and by the note teller for the preceding year, that it was not received into the bank by him; but the court refused to permit the making of such proof.   As a general rule, evidence tending to prove the issue involved is competent and admissible.   If, however, it is so remote that it does not appear to have an obvious tendency to elucidate the question in dispute, it should be rejected, as calculated to confuse the case and unnecessarily to incumber the record.   A

party in establishing his claim or defense, is not, by the rules of evidence, restricted to either circumstantial or to positive evidence. He has the right to avail himself of either, or both, as they may be at his command and he may choose to employ them on the trial. Nor is a party restricted to the proof of a fact by one witness. If the fact is not controverted, it is no doubt in the discretion of the court to limit the number of witnesses to prove it; but when the truth of the fact is contested, it is otherwise. If, then, this was a material fact, and tended to prove that the bank did not pay the bill to appellee, the court below should have permitted it to be introduced.

Was this rejected evidence material? It is a self-evident proposition that if the bank had never been in possession of the bill in controversy it could not have paid it out to appellee. It must have received it in some mode or other before it could have been able to pay it out. Had the fact, that the bank never had the bill been established there would have been no question that appellant would have been entitled to a verdict, because, in that event, it could not have been true that appellant paid it to appellee. It would have been impossible, and would have ended the case. If within the power of the bank to make such proof, it was its undoubted right to do so by any legitimate means. In any view in which we have been able to consider this question we must regard this evidence as admissible.

If the bill was not received by either the receiving or note teller, it would tend to prove that the bank had not received the bill. Whether in the light of all the circumstances of the case it would have proved that fact, was for the determination of the jury. It was manifestly a circumstance that should, when offered, have been admitted to the jury. In rejecting this evidence, the court below erred.

It is also insisted, that there was an unreasonable delay in returning the bill after it was received by appellee. It appears that he received the money on the check on the 20th of October, and passed it to his brother on the 27th of that month, and he claimed to have paid it to Chase on the 29th, and that

it was returned to him on the next day, and that he returned it to appellee, the second day after it came back to him, and appellee offered to return it to the bank the next or second day after he received it of his brother. Here were thirteen or fourteen days after the time it was claimed the bank paid out the bill, and four or five days after it is discovered to be a counterfeit bill, before any offer is made to return it to the bank. This was a question for the jury to determine, whether the offer to return the bill, was, under all the circumstances, made in a reasonable time.

In the case of *Simms* v. *Clark*, 11 Ill. 137, this court say, that "the law undoubtedly is, that a party who innocently pays away a counterfeit bill is not bound to take it back unless it is returned upon him in a reasonable time after it is discovered to be spurious, and the reason of the rule is to enable him to trace out and fall back upon the person from whom he received it." But what shall be considered a reasonable time, must necessarily depend upon the situation of the parties, and the facts and circumstances of the particular case.

The court below erred in refusing to admit the evidence of the tellers of the bank, and for this error the judgment must be reversed and the cause remanded.

*Judgment reversed.*