## VILLAGE OF SOUTH DANVILLE

### v.

## REBECCA L. JACOBS.

*Municipal Corporations—Ordinance—Cattle—Running at Large of—Resistance to Officer—Witnesses.*

1. A court may not limit the number of witnesses a party may introduce unless it be upon some question collateral to the main issue. If a fact is sufficiently proven and is not controverted, or if it is expressly admitted by the adverse party, a court may, in the exercise of a sound discretion, refuse to allow its time to be wasted in hearing further evidence; but when a controlling fact is controverted, each party has the right to have all witnesses heard who have knowledge of facts and circumstances bearing upon the contested point, and to deny the right is error.

2. In the case presented, this court holds that the trial court erred in refusing to allow certain witnesses offered by the plaintiff to testify, and that the judgment against it can not stand.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of Vermilion County; the Hon. C. B. SMITH, Judge, presiding.

Mr. GEORGE G. MABIN, for appellant.

Messrs. W. A. YOUNG and JOHN F. BUCKNER, for appellee.

BOGGS, J.   The ordinances of the village of South Danville prohibit the running at large of any species of cattle within its corporate limits, and also provide for the infliction of a penalty in the way of a fine upon any one who shall or may resist, obstruct, hinder, or delay an officer of the village when in the discharge of his official duty.

The appellee was arrested and brought before the police magistrate of the village upon a charge that she had resisted and obstructed one Peter Alix, village constable and pound-keeper, when he was endeavoring to seize and impound two

calves belonging to appellee, which appellant claims were then running at large, contrary to the ordinance of the village.

The case was, upon a change of the venue, tried before a justice of the peace, and the appellee by appeal brought it into the Circuit Court, where, upon a trial before a jury, the appellee was acquitted of the charge, and the village prosecutes this appeal to this court.

The evidence produced before the jury clearly showed, and the appellee by her counsel formally and expressly admitted that appellee had resisted and obstructed the officer, but they and she denied that the calves, though on the street, were running at large within the meaning of the ordinance, and that therefore she lawfully might resist and prevent the officer from seizing and impounding them.

The appellant had present in court seven witnesses to sustain the issue upon its part. After five of them had been examined (to quote from the bill of exceptions), the plaintiff tendered other witnesses by which to prove the fact that the calves were running at large, to wit, Catherine M. Wilks and Juliette Golding, but the court held that it "was unnecessary, and announced that he would limit the defendant to an equal number of witnesses on the same point," to which action of the court plaintiff by its counsel then and there duly excepted.

The case for appellant was then closed, whereupon counsel for appellee moved the court to instruct the jury to find a verdict for the defendant, which motion the court overruled. This action of the court demonstrates that the evidence already produced was regarded by the court as sufficient to justify a finding by the jury that the calves were "running at large" within the meaning of the ordinance. The testimony of the appellee and four witnesses in her behalf was then submitted to the jury, who returned a verdict for the appellee.

Appellant entered a motion for a new trial, and in support thereof filed affidavits of Catherine M. Wilks and of Juliette Golding, in which each swear that she was present in the court room as a witness for appellant, and ready and willing to testify when the court ruled that they would not be heard. The affidavits also state fully what the testimony of each

would have been, and from them it is manifest that each would have testified to facts and circumstances bearing directly and forcibly upon the question of whether the " calves were at large," and tending strongly to sustain the issue upon the part of the appellant. Was it error for the court to decline to allow their testimony to be heard by the jury?

Sec. 15, Chap. 33 of the statutes giving the court power to limit the number of witnesses whose fees are to be taxed, does not empower the court to limit the number who shall testify. We are aware of no rule authorizing a court to limit the number of witnesses a party may introduce, unless it be upon some question collateral to the main issue. If a fact is sufficiently proven and is not controverted, or if it is expressly admitted by the adverse party, a court may, in the exercise of a sound discretion, refuse to allow its time to be wasted in hearing further evidence. When, however, a controlling fact is controverted, each party has the right to have all witnesses heard who have knowledge of facts and circumstances bearing upon the contested point, and to deny the right is error. Gray v. St. John, 35 Ill. 222; Union Nat. Bank v. Baldenwick, 45 Ill. 375; White v. Hermann, 51 Ill. 243.

The cases of Gray v. St. John, and Union Nat. Bank v. Baldenwick, *supra*, are cited by counsel for appellee in support of the action of the court in limiting the number of appellant's witnesses.

In the first of these cases it is said: " Courts have the right to limit the number of witnesses to prove a particular fact," but this expression must be considered in connection with the sentence immediately following it, which is, ' when a fact is sufficiently proven and is not controverted the court may refuse to suffer its time to be occupied in hearing further evidence on that point;' and in the Union Nat. Bank v. Baldenwick, it is expressly said, ' If a fact is not controverted it is, no doubt, in the discretion of the court to limit the number of witnesses to prove it; but when the truth of a fact is controverted it is otherwise."

Counsel for appellee cite also Clement v. Brown, 30 Ill. 43,

as authority supporting the action of the court in limiting the
number of appellant's witnesses. In that case one Morse, a
witness for plaintiff below, had testified to a fact which was in
nowise contradicted, and defendant offered other witnesses to
prove the same fact and the court excluded them. In reference
to this it is said: "There was no error in refusing to hear the
testimony of the witnesses Tilrick and Walkins, as it was
merely cumulative, the fact having been admitted by the
witness Morse.

In the case at bar the controverted question was whether
the calves were running at large, and the truth of it was
practically the sole question for the determination of the jury.
The testimony of the rejected witnesses tended strongly to
support the appellant upon that issue and the village had an
undoubted right to have it heard by the jury, and it was error
to exclude it.

For that reason the judgment must be reversed and the
cause remanded.

*Reversed and remanded.*