## Traders Insurance Company v. Thomas D. Catlin.

## National Fire Insurance Company v. Same.

1. TRIALS—*Right of a Court to Limit the Number of Witnesses.*—As a general rule, a party has a right to call as many witnesses as he sees fit to and can produce in support of his contention, but in the case of expert witnesses called upon a matter collateral to the main issue, and of impeaching witnesses, and in other like cases, the trial court has the right to limit the number of witnesses to be produced, such right to be exercised within the bounds of a reasonable discretion; and in determining whether that right was properly exercised, a court of appeal will inquire whether the evidence already presented by the party was sufficient to establish his side of the issue, as it is not proper to reject further evidence where the judicial mind remains unconvinced by that already produced.

2. SAME—*Number of Witnesses Held to Have Been Improperly Limited in This Case.*—The court discusses the action of the trial court in limiting the number of witnesses upon the material issue in this case and concludes that the exercise of a sound judicial discretion required that all competent evidence should have been heard.

3. APPELLATE COURT PRACTICE—*This Court Can Not Consider Evidence Rejected in the Trial Court.*—There is no rule by which this court can lawfully take into consideration rejected testimony and base its final findings of the facts upon all the testimony, both that received and that rejected; it can only determine whether the trial court erred in its rulings upon the testimony and whether it correctly found the facts from the evidence which it admitted.

4. PROPOSITIONS OF LAW—*Should Not Decide Questions of Fact.*—A court trying a case without a jury can not be called upon in a common law action to give any proposition so framed as to constitute a decision upon a question of fact.

5. INSURANCE—*A plaintiff Need Not Show How a Fire Originated.*—The plaintiff in a suit upon a fire insurance policy to recover for a loss by fire. is not bound to show how the fire originated.

6. COSTS—*Of an Additional Abstract.*—Where an additional abstract is filed by an appellee, and the judgment is reversed and the costs of the appeal taxed against the appellee, the court will not order the cost of the additional abstract taxed against appellant even where it was properly filed.

**Assumpsit,** on fire insurance policies. Appeals from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed September 20, 1897.

THOMAS BATES and GOODRICH, VINCENT & BRADLEY, attorneys for appellants.

SNOW & HINEBAUGH and W. C. SNOW, attorneys for appellee.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

The above entitled causes have heretofore been before this court and the Supreme Court, and are reported in 59 Ill. App. 162 and 163 Ill. 256, to which reports we here make reference for a statement of the material facts. By the opinion of the Supreme Court, the chief material question of fact left to be determined was whether the presence of the canning factory, machinery and accompanying gasoline tank caused an increase of hazard which continued to exist and affected the risk up to and at the time of the fire. The Supreme Court reversed the judgments below because the trial court excluded the testimony of expert witnesses upon the question of increased risk. The causes have been again tried without a jury, and judgments again rendered for plaintiff, from which this appeal is prosecuted by defendants.

At the last trial, defendants put in evidence the testi-

mony of eleven witnesses, of whom one testified to facts
bearing on the loss from a personal acquaintance with the
condition of the insured property, and ten insurance men,
mechanical engineers, etc., gave expert testimony on the
question of increase of hazard. Defendants then offered
in evidence the depositions of fourteen other expert wit-
nesses theretofore taken by them under a stipulation with
plaintiff, which witnesses had been examined and cross-
examined at great length upon the material question in the
case. These depositions contained not only a hypothet-
ical question put to each witness and his opinion given in
answer thereto, but also a full examination and cross-
examination upon all the matters involved in the question
of increased hazard, so far as they could be testified to by
witnesses who had not personally seen the buildings, ma-
chinery and appliances in question. In one or more of these
depositions, a full account was given of gasoline and its
qualities and characteristics, and that not as a matter of
opinion, but of actual experience. Plaintiff objected to the
reading of said depositions, and the objection was sus-
tained, and defendants excepted. This record presents the
question, whether the court had a discretion to reject this
testimony, and if so, whether that discretion was properly
exercised. There were special objections to particular
questions and answers in these depositions and the
court did not rule upon them, but rejected the entire depo-
sitions, and it is only the latter ruling we are called upon
to consider.

In Gray v. St. John, 35 Ill. 222, competent parts of cer-
tain depositions had been excluded by the trial court. The
Supreme Court said : " Courts have the right to limit the
number of witnesses to be examined and the number of
depositions to be read to prove a particular fact. When a
fact is sufficiently established and is not controverted, the
court may properly refuse to suffer its time to be occupied
in hearing further evidence on that point." In Union Na-
tional Bank v. Baldenwick, 45 Ill. 375, the court said : " As
a general rule, evidence tending to prove an issue involved

is competent and admissible. * * * Nor is a party restricted to the proof of a fact by one witness. If the fact is not controverted, it is, no doubt, in the discretion of the court to limit the number of witnesses to prove it; but when the truth of the fact is contested it is otherwise." In White v. Hermann, 51 Ill. 243, our Supreme Court made these observations upon this subject: "It is also urged that the court erred in refusing to permit appellants to call more than four witnesses to prove the value of this property. It may be that on a mere collateral question, the court may have a discretionary power to limit the number of witnesses who may testify on that particular question. We are aware of no rule of practice, however, which authorizes a court to prevent a party from introducing more than four witnesses to prove the issues in the case. It is true, the statute has provided that the costs of four witnesses only, shall be taxed against the successful party, unless the court certify that a greater number were necessary, but this in no wise prevents a party from introducing more, if he is willing to risk the liability to pay their fees for attendance. It seems to imply that he may call more if he choose to risk such liability. There are few questions that witnesses are more liable to differ upon, than the value of property at a given time, especially if real estate or property not daily bought and sold in the market. This being the case, it must be necessary that the parties be permitted to call a larger number than four witnesses to prove its value. Nor are we prepared to hold in such a case, that a court has the power, on such a question, to limit the number which may be examined by either party, but the court would of course determine, in the exercise of sound discretion, whether he would certify to their necessity, and if so, to what number." In Chicago B. & N. R. R. Co. v. Bowman, 122 Ill. 595, a condemnation case, the petitioner, before defendant had offered any evidence, moved the court to limit the number of witnesses of defendant whose fees should be taxed against plaintiff. The Supreme Court quoted section 15 of the cost act, and said: "There is no inhibition upon

parties calling as many witnesses as they desire, but every party must assume the risk of having taxed against him, the fees of all such witnesses as the court may find were unnecessary. * * * How the court in advance could exercise its discretionary power of determining what witnesses were, or were not necessary to the maintenance of appellee's case is not apparent. At the conclusion of the trial, the court could act upon such a motion intelligently and fairly, but surely it could not do so before it had heard the witnesses." In Green v. Phœnix M. L. Insurance Co., 134 Ill. 310, it was held, the trial court " may undoubtedly limit the number of witnesses called as experts, and in some cases for the purpose of impeachment," but that the exercise of the discretion must be reasonable and not arbitrary; and Wharton on Evidence was quoted approvingly, where that author states the rule, that when the point appears to the court to be satisfactorily established, the further calling of witnesses to prove it may be stopped, subject, however, to the right to recall, should the point be subsequently disputed. In that case, complainant summoned sixteen witnesses, eleven of whom gave testimony tending to show the insanity of the deceased, which was the material question, and the court then refused to hear further proof from the plaintiff, and rejected eighteen witnesses whom complainant then offered to prove said insanity. In reversing for error in so limiting complainant, the Supreme Court laid stress upon the fact that it was clear that when the trial judge so limited complainant, he was not satisfied that the fact of insanity was established. The court also said : " While the court might, as before said, in the exercise of a sound discretion, limit the number of witnesses called to prove any collateral fact, or any fact conceded, or which the court might regard as established, we are of opinion that the court erred in limiting the number of witnesses to be called by complainant upon this issue." Burhans v. Village of Norwood Park, 138 Ill. 147, was an appeal from a judgment confirming an assessment. There had been a default against appellants, which the trial court had refused to

open, but had agreed to hear witnesses as to the merits of
the proposed defense, for the purpose of setting aside the
default, if he should be satisfied there were such merits.
Thereupon, the trial judge limited the number of witnesses
he would hear on various points. The Supreme Court said
it was generally within the discretion of the trial court
to limit the number of witnesses on the different questions
involved in such a case, provided the discretion was reason-
ably exercised, and that an abuse of such discretion was
reversible error; but further, as the proof in that case was
not being heard as of right; but as a privilege to defaulted
defendants, it was subject to such conditions as the trial
judge saw fit to impose. Village of South Danville v.
Jacobs, 42 Ill. App. 533.

It would seem to follow from these decisions, that it is
the general rule in this State that a party has a right to call
as many witnesses as he sees fit and can produce in support
of his contention, but that in the case of expert witnesses
called upon a matter collateral to the main issue, and of
impeaching witnesses, and in other like cases, the right of
the trial court is recognized to limit the number of witnesses
to be produced, such right to be exercised within the bounds
of a reasonable discretion; and that in determining whether
that right has been properly exercised much stress is laid
upon the inquiry whether the evidence already presented
by such party has been sufficient to establish his side of the
issue, and that it is not proper to reject further evidence
where the judicial mind remains unconvinced by that already
produced. In the case at bar the rejected evidence was
extremely material. The tenant of plaintiff, with his
knowledge, had made changes in the condition of the
insured property which were prohibited by the policies. No
notice of the change had been given the insurance com-
panies. They not only had no opportunity to cancel their
policies because of the change but also no opportunity to
ascertain the condition of the building after the change, nor
to learn from actual inspection how the change affected the
liability of the building to be destroyed by fire. Defend-

ants were therefore driven to prove their contention as to the increase of risk by the opinions of men of experience in the results which in other cases had followed like changes, and in the increased liability to fire from the presence and use of such machinery and inflammable material. The witnesses in question were testifying not upon collateral matter but upon the material issue in the case. It is clear from the record that when the trial judge had heard the eleven witnesses whose evidence was admitted for defendants, he was not thereby convinced that at the time of the fire the hazard was increased by the presence of the prohibited machinery and gasoline. We have examined the evidence on this subject sufficiently to see that it is an exceedingly close question whether the hazard was not increased at the time of the fire. It may be the rejected evidence, if heard, would have convinced the trial judge it was so increased. We think in a case so close as this, the exercise of a sound judicial discretion required that all competent evidence on this material point should be heard. We are not aware of any rule by which we could lawfully take into consideration the rejected testimony and base our final finding of the facts upon all the testimony, both that received and that rejected. We can only determine whether the court erred in its rulings upon the testimony, and whether the court correctly found the facts from the evidence which it admitted.

Defendants offered fifty-five propositions to be held as the facts and the law, and all of them, except numbers six and thirty-seven offered by the Traders Insurance Co., were findings of fact. Some consisted only of such findings, while others, after finding certain facts, propounded the legal rule claimed to be applicable thereto. A trial court can not be called upon, in a common law action, to make a finding of the facts at issue, nor can it be required to give any proposition so framed as to constitute a decision upon a question of fact. Lord v. Board of Trade, 163 Ill. 45; O'Bannon v. Vigus, 32 Ill. App. 473.

Many of these propositions were also exceedingly involved and lengthy, one covering two printed pages, and several

occupying one printed page each.   We regard the presenta-
tion of these lengthy and improper recitals of fact as im-
posing an unnecessary burden upon the trial court and this
court.   Proposition No. 6 seeks to raise a question of law
upon the evidence, but as we decline to consider the
evidence on account of the rejection of more than one-half
of defendants' testimony, we have no occasion to pass upon
said proposition.   If No. 37 means that as a matter of law
he who sues upon a fire insurance policy to recover for a
loss by fire must prove how the fire originated or be
defeated, then it was properly refused.   If that is not its
meaning, we do not understand it.

Appellee filed an additional abstract, containing only
important parts of the testimony omitted from the original
abstract, and he moves the court to tax the costs thereof
against appellants.   We think the additional abstract was
proper, and if the judgments were to be affirmed we would
grant the motion.   But if appellants had included this
omitted matter in the original abstract, the cost thereof
would have been put in judgment against appellee under
the present decision, and he has but paid in advance that
which would otherwise be adjudged against him.   The
motion is therefore denied.

For the error of the court below in refusing to admit in
evidence said fourteen depositions offered by defendants, the
judgment will be reversed and the cause remanded.