Crane Co. v. Stammers.

## Crane Company v. Paul J. Stammers.

1. EVIDENCE—*Admission of Ordinances Not Applicable to the Issues.* —In an action for injuries caused by smoke and cinders emitted by a pipe-mill and its chimneys, the admission of an ordinance of the city in which such mill is located, providing that "cupolas of foundries shall extend at least ten feet above the highest point of any roof within a radius of forty feet and be covered with a wire netting," where there are no cupolas upon the mill in question, is misleading and calculated to induce the jury to believe that in the erection and maintenance of the chimneys the defendant was violating the ordinance.

2. SAME—*That Others are Annoyed by a Nuisance.*—Testimony tending to show that others were annoyed and injured by smoke and cinders, is competent as tending to prove that the nuisance objected to was capable of inflicting the injury complained of.

3. REMEDIES—*Injuries from Public Nuisances.*—An individual who receives an injury and sustains actual damage from a public nuisance may maintain a private suit for his own special injury, although there may be others affected in other ways by the same nuisance.

4. SAME—*Damages Different from Those Suffered in Common with Others.*—A private action can be maintained by one who suffers a particular and special loss or damage different from that suffered in common with others, from a nuisance. The doctrine now is that a nuisance may be at the same time public and private.

5. PRACTICE—*Power to Limit the Number of Witnesses.*—When a controlling fact is controverted, each party has the right to have all witnesses heard, who have knowledge of facts and circumstances bearing upon the contested point, and to deny such right is error.

**Action in Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed June 9, 1899.

WING & CHADBOURNE, attorneys for appellant.

BRANDT & HOFFMANN, attorneys for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action to recover damages for personal injury alleged to have caused the partial destruction of the sight of an eye. Appellee was a motorman employed upon a street railroad in Desplaines street, Chicago. He claims to have received the injury of which he complains while operating his train, on or about the 8th day of February, 1896, when his car was coming down from a viaduct and approaching a pipe-mill operated by appellants. It is claimed that a shower of smoke and hot cinders was driven out of appellant's chimneys, and that he received a speck or cinder in one of his eyes. He testifies that he stopped the car, tried to remove the cinder with his handkerchief, and supposed that he had done so; that a burning sensation, however, continued; that after he got to the end of the route he put a handkerchief over the eye, but continued to work the rest of the day. At night he bathed the injured eye with hot water, kept it bandaged and continued at his work four days, and was then compelled to lay off. He did not consult a physician until about three weeks thereafter, and claims to have been practically unable to see with the injured eye since it was hurt. His testimony is, "I can't see only just a little speck out of it." He testifies that his other eye is in poor condition, also in consequence of the alleged injury.

The declaration contains sixteen counts, to which appellant pleaded the general issue. Briefly stated, the grounds upon which appellee seeks to recover are, that the injury was caused by negligence of the appellant; that the latter was maintaining a public nuisance in the conduct of its business, in consequence of which appellee was injured, and was violating an ordinance of the city of Chicago.

The twelfth count of the declaration charges that the defendant was in possession of the building in question, located in the city of Chicago, where it conducted and operated a foundry, from which a large number of chimneys and "cupolas" projected; that by section 384 of the

building ordinance of the city it is provided: "Cupolas of foundries should extend at least ten feet above the highest point of any roof within a radius of forty feet of such cupolas, and should be covered on the top with a wire netting;" that said foundry and "cupolas" were maintained as public nuisances, and that it was in consequence thereof that plaintiff was greatly and permanently injured.

It is urged that the court erred in admitting this section of the ordinance in evidence. We think this contention is well founded. The word "cupola," as connected with a foundry, is, according to the testimony, something distinct and different from a chimney, and it is clear from this evinence that there are no "cupolas," in the ordinary meaning of the word, upon the building from which it is claimed sparks emanated, one of which is alleged to have been the cause of appellee's injury. The evidence did not justify the admission of that part of the ordinance which applies to cupolas only. There is no evidence worthy of consideration, tending to show, so far as we can discover, that there were any cupolas at all upon the building in question. The admission of the ordinance was calculated to lead the jury to suppose that in the erection and maintenance of chimneys appellant was violating this ordinance of the city, and thus to prejudice them against the appellant. The objection to its admission should, we think, have been sustained.

It is further contended that the counts of the declaration which allege that the business of the appellant, as conducted, constituted a public nuisance, are defective, in that they fail to aver an injury different in kind from that which might be sustained by the public in general, and that evidence was improperly admitted thereunder.

We see no force in the objection. An individual who receives actual damage from a public nuisance may undoubtedly maintain a private suit for his own special injury, although there may be others affected in other ways by the same general situation. The declaration avers that the appellee did receive special damage, viz., the injury

resulting in the partial destruction of his eye. This is certainly an allegation of an injury differing in kind as well as in degree from that suffered by the public generally. If the appellant was indeed maintaining a structure which injuriously affected the public in the use of the highway where large numbers of people are constantly passing, this might be a public nuisance, if thereby substantial injury was inflicted upon the public at large. A private action can nevertheless be maintained by one who suffers a particular and special loss or damage different from that suffered in common with others thereby affected. "The doctrine now is that a nuisance may be at the same time public and private." Wylie v. Elwood, 134 Ill. 281–287.

It is contended that the evidence does not present a case which entitles the appellee to recover.

There is evidence to show that the pipe-mill, so called, by which it is claimed appellee was injured, is situated in the heart of a manufacturing district of Chicago. It is located in the neighborhood of railways, over which large numbers of trains are constantly passing, and over which viaducts are constructed. Freight depots and factories of various kinds are in the immediate vicinity. It is not a residence district. There is evidence that passing railway trains and factories in the vicinity are sources from which smoke and cinders are produced. In order to entitle appellee to recover it is essential that there should be evidence tending to prove, at least with reasonable certainty, that the injury was actually inflicted by appellant. The direct testimony in this respect is far from satisfactory. The "speck," which it is alleged caused the injury to appellee's eye, was so small that it appears never to have been detected. His testimony is that it caused a burning sensation, but he did not see it either before or after it entered his eye. There is, however, other evidence bearing upon the questions of fact, but as the case must be retried we refrain from its discussion.

It is contended that there was no credible evidence tending to show that appellant's pipe-mill, which is said to have caused the injury, was either a public or private nuisance.

As to this question, whether or not the pipe-mill of the appellant was or was not a nuisance dangerous to the general public, the court, against the objection of counsel on both sides, limited the number of witnesses to " eight on a side." It is urged that in so limiting the number of witnesses for the appellant the court committed reversible error.

The controversy was not one calling for the testimony of experts, it was a question of fact. " If the fact is not controverted, it is no doubt in the discretion of the court to limit the number of witnesses to prove it; but when the truth of the fact is contested it is otherwise." Union Nat. Bank v. Baldenwick, 45 Ill. 375–378.

It is claimed in this case that the injury to appellee's eye was caused solely by the spark emanating from a chimney of appellant's pipe-mill or pipe-foundry, as it is differently denominated. Testimony tending to show that others were annoyed and injured by smoke and cinders which came from that source, was introduced as " tending to prove that the nuisance objected to was capable of inflicting the injury complained of." Such testimony was admissible. (Wylie v. Elwood, 134 Ill. 281, 286.) It was therefore important for appellant to be able to introduce such testimony, and so much of it as might be deemed reasonably necessary to support its contention that no cinders did or could come from its said pipe-mill. If appellant is able to convince the court and jury that the pipe-mill and its chimneys were not capable of inflicting the injury complained of, it may establish a complete defense to the suit. The controversy was therefore upon a controlling fact; and " when a controlling fact is controverted, each party has the right to have all witnesses heard, who have knowledge of facts and circumstances bearing upon the contested point, and to deny the right is error." (Village South Danville v. Jacobs, 42 Ill. App. 533.) In the case at bar, the question is peculiarly one justifying the examination of a number of witnesses. On the one side it was contended that a spark or cinder from the pipe-mill caused the injury. On the other it was claimed that oil was the only fuel used, and that the conditions were such that

neither sparks nor cinders were produced or expelled from the chimneys. To limit the number of witnesses arbitrarily, without reference to the nature or necessity of their testimony, was to deprive the appellant of the opportunity to make such defense as the law permits. The trial court can not ordinarily determine in advance what witnesses are necessary to maintain the case. The power of the court to limit the number of witnesses is quite fully discussed, and the authorities reviewed by Justice Dibell, in Traders Insurance Co. v. Catlin, 71 Ill. App. 569, and the conclusion is reached that "it is the general rule in this State that a party has a right to call as many witnesses as he sees fit and can produce in support of his contention"—with certain exceptions as to expert and impeaching witnesses and the like.

We regard the general rule as applicable to the case at bar, and are of the opinion that it was error to enforce the limitation in the number of witnesses upon the controversy in question.

The judgment of the Superior Court is reversed and the cause remanded.