## Patsy Doner v. The People.

1. Practice—*Leading Questions, When to be Allowed.*— Leading questions should not be put in chief to elicit the material facts, unless required by the evasions of the witness, or his manifest unwillingness to testify.

2. Witnesses—*When Courts May Limit the Number.*—In a matter collateral to the issue, such as the impeachment of a witness, the court may limit the number of witnesses, exercising a reasonable discretion.

3. Impeachment—*Of Witnesses—Proper Form of Questions.*—It is error to permit an impeaching or supporting witness to state whether he would believe the party under oath, as this omits the question of general reputation, to which such testimony must be confined.    If the witness has stated he knows the general reputation of the party for truth, and that it it is good or bad, he may then be asked, " Judging by that reputation, would you believe him under oath ? "

4. Indictment.—*Illegal Sales of Intoxicating Liquors—Limit of the Proof.*—On the trial of one indicted for selling liquor without a license, the proof of sales should be confined to a period prior to the return of the indictment.

Indictment, for illegal sales of intoxicating liquor.    Error to the Circuit Court of Ogle County; the Hon. John S. Baume, Judge, presiding.    Heard in this court at the April term, 1900.    Reversed and remanded.    Opinion filed October 8, 1900.

Francis Bacon, attorney for plaintiff in error.

SOLON W. CROWELL, State's Attorney, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

An indictment was returned in the court below against Patsy Doner, containing twenty-four counts, charging him with violations of the dram-shop act. Defendant pleaded former acquittal and not guilty, and upon a jury trial was convicted under twelve of the counts, specified by number. Motions for a new trial and in arrest of judgment were interposed and denied, and defendant was sentenced to fine and imprisonment under each of said counts whereof he stood convicted. He has sued out this writ of error to reverse the judgment.

1. The proof that liquor was sold to certain witnesses, and that such liquor was whisky or lager beer, or was intoxicating, was in several cases obtained by leading questions unnecessarily put by the prosecuting attorney to the witnesses for the people, and objections to such questions were erroneously overruled. Cases may arise where the evasions of a witness, or his manifest unwillingness to testify, justify leading questions in chief, but such was not the case with most of the questions to which we here refer.

2. Woodville and Fisher were the main witnesses by whom the people sought to prove sales of intoxicating liquors. Defendants introduced evidence tending to impeach them by proving that their general reputation for truth and veracity was bad in the community where they lived. After seven witnesses had so testified as to Woodville, and a like number as to Fisher, and several witnesses had failed to show knowledge of such general reputation, the court refused to permit further proof by defendant on that subject, and defendant excepted. Defendant argues he should not have been thus restricted. The rule laid down in the cases reviewed by us in Traders Ins. Co. v. Catlin, 71 Ill. App. 569, is that, in a matter collateral to the issue, such as the impeachment of a witness, the court may limit the number of witnesses, exercising a reasonable discretion in

so doing. As Woodville and Fisher were the most impor-
tant witnesses for the people, we would be better satisfied
if less restriction had been put upon the number of impeach-
ing witnesses, but we are not prepared to say the action of
the court was an abuse of discretion.

3. The people called witnesses in support of the general
reputation of Fisher and Woodville. The State's attorney
asked several of them whether they would believe Fisher
under oath, and the court overruled objections to such
questions, and the witnesses answered that they would.
Impeaching and supporting testimony should be confined
to general reputation. After the witness has stated that
he knows the general reputation for truth and veracity of
the person sought to be impeached or supported among his
neighbors, and has stated that that reputation is good or bad,
the further admissible question is, "from that reputation"
or "judging by that reputation, would you believe him
under oath?" Massey v. Farmers Nat. Bank, 104 Ill. 327;
Laclede Bank v. Keeler, 109 Ill. 385. The question thus
put is still based upon reputation. But here the matter of
reputation was eliminated, and the question was based upon
the state of mind of the sustaining witness, and he was
asked simply, "Would you believe him under oath?" The
objections to such questions should have been sustained.
The abstract tends to show defendant asked similar ques-
tions of his impeaching witnesses, but the record shows his
questions on the subject were properly framed.

4. Objections were overruled to numerous questions put
by the State's attorney which called for proof of sales up to
the day of the trial, thus permitting proof of sales after the
return of the indictment. This was error. The proof
should have been restricted to a period prior to the finding
of the indictment. It may be there was proof of twelve
sales distinctly shown to have been made before the in-
dictment was found, but other witnesses did not give the
dates, and the sales they testified to may have been after
the indictment was found, and we can not determine upon
whose testimony the verdict was rendered, especially in

view of the testimony tending to impeach two of the people's witnesses.

5.  We think it unnecessary to comment upon the instructions further than to say that, so far as defendant's refused instructions were proper they were embodied in those given, and that instructions as to lack of credibility should not be aimed at a particular witness by name.

The judgment is reversed and the cause remanded for a new trial.