## Cooke Brewing Co. v. Stephen Ryan.

1. PRACTICE—*Power of a Court to Limit the Number of Witnesses.*
—Where a matter, though not conceded, is not seriously in dispute,
that is, when concerning it there has been, or it is admitted there is to
be no contrary evidence, the court may reasonably limit the number of
witnesses to be heard; but this court is not aware of any rule which
permits a trial court, under such circumstances as exist in this case, to
limit the number of witnesses which either party may call.

**Trespass on the Case,** for personal injuries.   Appeal from the Circuit
Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding.
Heard in the Branch Appellate Court at the October term, 1900.   Re-
versed and remanded.   Opinion filed November 26, 1901.

**Statement.**—Appellee brought suit in the Circuit Court
of Cook County to recover damages from appellant for
personal injuries sustained by him on the 2d day of July,
A. D. 1898, by reason of the alleged negligence of appellant.

Appellee was, on the day mentioned, about six o'clock in
the evening, on the north side of Twenty-sixth street east
of Emerald avenue.

Emerald avenue makes a jog near the crossing of Twenty-
sixth street so that the east line of the north part of Emer-
ald avenue is nearly opposite the west line of the south
part of Emerald evenue.

Appellee's contention was that he was crossing Twenty-
sixth street, south, toward his home, and when he reached
that part of the street lying between the east and west-
bound street-car tracks on Twenty-sixth street, he noticed
appellant's team attached to a beer wagon coming rapidly
east on the east-bound track; that he hesitated for a moment
and took two steps backward between the tracks, and while
in that position, and as the wagon was passing him, one of
the beer barrels which had been piled upon the wagon fell
off, striking him in the breast, felling him to the ground
and crushing his leg, causing the injuries for which he sued.

The defendant contended that the plaintiff was attempt-
ing to climb upon the wagon and pulled this keg off upon

himself; that this was an ordinary brewery wagon with a skeleton frame or bed for holding the kegs, the center being eight inches lower than the rails forming the sides.

Defendant contended that plaintiff in his attempt to climb upon the wagon got upon a keg which was hanging in the hooks and with his hand caught hold of the rim of one of the kegs lying on the side rail and in endeavoring to raise himself up, overbalanced the keg and fell, causing the keg to fall with him.

The case was tried in the Circuit Court and on May 16, 1900, the jury brought in a verdict against this defendant in the sum of $10,000. Judgment was entered on the verdict. Upon the trial each side introduced evidence to sustain its contention.

B. F. RICHOLSON and F. J. CANTY, attorneys for appellant.

KING & GROSS, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Upon the trial the plaintiff gave before the jury the testimony of seven witnesses, including the plaintiff, who claimed to have seen the accident happen, and testified substantially in accordance with the plaintiff's contention that he was standing in the street and not endeavoring to get on the wagon, neither had he hold of it at the time the barrel fell and injured him. The defendant then called nine witnesses who testified substantially in accordance with the defendant's contention; that the accident was caused by the plaintiff's attempt to climb upon the wagon, as several of his companions had already done, and that while so doing, he was injured.

The defendant then offered four more witnesses and asked that they, as witnesses to the occurrence, might be allowed to testify as to what they saw done by the plaintiff immediately before and at the time he was injured. When the first of these four was called, the plaintiff's counsel was asked how many more witnesses he had on this point; to

which the reply was, "We have four." The court then said: "I will limit you to one more witness on this point;" to which ruling the plaintiff excepted. Afterward the plaintiff said: "I desire to call Thomas McElligott and Lawrence King." The Court: "By this witness you want to show what occurred." Mr. King: "Substantially the same facts as shown by the others." The Court: "No, sir, I will not allow them to be called;" to which ruling the defendant excepted. The Court: "If they will swear to any additional facts, I will allow you to call them." Counsel for plaintiff: "We concede that these—" Mr. Richolson: "You need not concede anything." The Court: "You concede what?" Mr. King, counsel for plaintiff: "That if they will swear they would testify to the same line." The Court: "As I say, if you have witnesses to swear to any other fact, you may call them, but I will not allow you to call more cumulative evidence, and if they are on the same line, I will exclude them."

It appears that the witnesses which the court refused to permit the defendant to call, were produced that they might testify as to what happened immediately before and at the time of the accident—the vital point in the case, the matter upon which the entire controversy turned, the essential thing in dispute.

We are not aware of any rule which permits a court, under such circumstances, to limit the number of witnesses which either party may call. Where a matter, though not conceded, is not seriously in dispute, that is, when concerning it, there has been, or it is admitted there is to be no contrary evidence, the court may reasonably limit the number of witnesses to be heard, but not under such circumstances as the limitation in this case was made.

Where a particular point appears to the court to be satisfactorily established, the calling of further witnesses may be stopped subject to the right to recall should the point be subsequently disputed. Such, so far as we are aware, has always been the rule and practice in this State, as is abundantly established by Gray v. St. John, 35 Ill. 222, 238; Village of South Danville v. Jacobs, 42 Ill. App. 533, 535;

Union National Bank v. Baldenwick, 45 Ill. 375, 378; White v. Herman, 51 Ill. 243-246; Traders Ins. Co. v. Catlin, 71 Ill. App. 569; Green v. Phœnix Mut. Life Ins. Co., 134 Ill. 310; Crane Co. v. Stammers, 83 Ill. App. 329, 333; Barhyte v. Summers (Mich.), 36 N. W. 93.

The defendant had introduced a written statement signed by plaintiff's witness, Sullivan. Sullivan, upon his examination by the plaintiff, while admitting the signing of this statement by him, had in effect testified as to the circumstance under which it was signed and the understanding which he had of it, in such a manner as to seriously impair its force as impeaching evidence.

The defendant thereafter called several witnesses to testify as to the circumstances under which this writing was signed by Sullivan, whether it was read to him, and what he said at the time, concerning circumstances of the accident, and what was contained in the statement. The court refused to allow these witnesses to testify. It is urged by appellee that the court, in so doing, merely exercised its discretion to allow witnesses who had left the stand to be recalled. Such does not appear to have been the ground upon which the court based its refusal.

The offered testimony appears to have been admissible, and if excluded, could only so be because the witness had once testified without being examined as to this matter.

As the case must be tried again, we refrain from any comments upon the evidence; for the error in excluding witnesses called by the defendant to testify as to the principal question of fact in dispute, the judgment of the Circuit Court is reversed and the cause remanded.