CHICAGO—FIRST DISTRICT—NOVEMBER, 1912.  375

Commission Co. v. Oregon Short Line R. Co., 174 Ill. App. 375.

Gamble-Robinson Commission Company, Appellee, v. Oregon Short Line Railroad Company, Appellant.

### Gen. No. 17,557.

1. CARRIERS—*condition of fruit prior to shipment.* In an action for damages to fruit during shipment, the admission of testimony by the buyer as to its condition while on the trees when inspected some time before shipment, if error, will not reverse.

2. CARRIERS—*what exhibits properly admitted.* On *assumpsit* for damage to fruit shipped, it is proper to admit in evidence pages of a book containing entries of the car numbers, contents, number of packages, date and point of shipment, prepared by one who testified that he saw the fruit on the trees and when brought to the packing house, that he inspected each car prior to shipment and made a record in the book which was true and correct, that by closing the book he could not give the information contained therein and that some of the entries were made directly and others were copied from a memorandum or from bills of lading.

3. APPEALS AND ERRORS—*when alleged errors in instructions not preserved.* On appeal instructions and errors assigned thereon need not be passed upon where such alleged errors are not preserved for review as required by municipal court rule 8.

Appeal from the Municipal Court of Chicago; the HON. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 12, 1912.

DAVIS & RANKIN, for appellant.

CHARLES A. BUTLER, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This action was brought by Gamble-Robinson Commission Company, appellee, in the Municipal Court of Chicago to recover loss and damages on shipments of a number of cars of fruit from different points in Utah in the fall of 1907, on the defendant's line of railway to various eastern points. The greater portion of the fruit so shipped was Utah Elberta peaches. It

376    Appellate Courts of Illinois.

Commission Co. v. Oregon Short Line R. Co., 174 Ill. App. 375.

was complained that the loss and damage of the fruit was incurred by reason of the defendant's failure to exercise proper care of the fruit, and because of unreasonable delay in furnishing equipment for the shipment and transportation.

It appears from the evidence that David S. Gamble, vice-president of the plaintiff, had personally to do with the buying of the fruit handled by the plaintiff in 1907, and with the inspection of the fruit on its arrival. Mr. Gamble went to Ogden about August 1, 1907, and contracted for the purchase of about fifty cars of peaches. He inspected the peaches in the orchards on the trees just prior to their shipment. This inspection was made during the month of August, and at that time the peaches were not quite matured in color and ripeness, but were firm and in first-class condition. They were on the trees, located within a mile or two of the shipping point.

Mr. Gamble also arranged with the agent of the defendant company for supplying and furnishing refrigerator cars and equipment for the shipments of the peaches; the defendant company agreeing, through its agent, to furnish as required the cars for the shipments and make due transportation thereof.

The amended bill of particulars, or statement of claim, filed, covers nineteen cars of the shipments of fruit made by the plaintiff over the line of the defendant company. Evidence was offered tending to show that the fruit shipped in these cars was at the time of shipment in good first-class condition, and that upon the arrival of the cars at their destination, the fruit was rotten, mushy and greatly damaged.

The trial was before the court and jury, and the jury rendered a verdict finding the issues for plaintiff, and assessing plaintiff's damages at $5,350, and judgment was entered on the verdict after overruling a motion for a new trial.

Errors are assigned on the record on the admitting of improper and incompetent evidence, and the re-

jection and refusal to admit proper and competent evidence, and in denying defendant's motion for a new trial of the cause. Subsequently, by leave of court, additional errors were assigned relating to the giving of erroneous, contradictory and misleading instructions, and other alleged errors which are not argued in the briefs.

Appellant urges that the witness Gamble, after describing the nature and extent of the plaintiff's business and the buying and contracting for about fifty cars of fruit including that involved in this case, was permitted to testify over the objection of the defendant below that he first inspected the fruit in the orchards while on the trees, and was permitted to describe the appearance and condition of the fruit with reference to its color, size, firmness and general appearance and the quality of the fruit so inspected. This testimony was objected to by the defendant on the trial upon the ground that it was incompetent, irrelevant and immaterial, as none of the fruit was presented to the defendant for shipment until September 5, 1907, sometime after its inspection on the trees. The court, in overruling defendant's objection to the evidence, stated that he would allow the evidence for the purpose only of showing the character and keeping qualities of the fruit, and for the purpose of assisting the jury in determining what its condition was when delivered to the defendant; and thereupon the witness proceeded to describe the peaches as they appeared on the trees in the orchards as to their color, ripeness, maturity, quality and condition, concluding with the statement that the peaches were free from any mark or trouble of any kind, whether from insects, spots or defects.

It is contended by appellant that the admission of this evidence constitutes reversible error because it has absolutely no tendency to elucidate any fact or facts necessary for the proper determination of the case by the jury, and because the defendant's liability as a carrier did not attach at the time the fruit was

378    APPELLATE COURTS OF ILLINOIS.

Commission Co. v. Oregon Short Line R. Co., 174 Ill. App. 375.

inspected. In other words, it is contended that the evidence as to the condition of the fruit was too remote to be of any aid to the jury in determining the condition of the fruit at the time of its delivery to defendant.

We are unable to say that the evidence received and complained of was absolutely without value or did not tend in any way to prove the condition of the fruit at the time it was delivered to the defendant for shipment. Standing by itself, without other proof in the case, it might be considered to be very weak and unsatisfactory testimony in view of the fact that the condition of fruit is liable to change very rapidly, and may be easily injured in the picking, transportation and packing before shipment. As a general rule, evidence tending to prove the condition of property prior to the time of shipment is competent and admissible; if, however, it is so remote that it does not appear to have any obvious tendency to elucidate the question in dispute, it should be rejected as calculated to confuse the case and unnecessarily encumber the record. Union Nat. Bank of Chicago v. Baldenwick, 45 Ill. 375. But we cannot say that the evidence of the condition of the fruit in the orchards on the trees within two or three miles of the point of shipment did not tend to prove in some degree the condition of the fruit at the point of shipment. However that may be, the evidence in this case of the condition of the fruit at the time of shipment is reasonably clear, and it tends to prove that the fruit was in good, first-class condition at the time it was packed and shipped in the various cars referred to in the plaintiff's statement of claim. If, therefore, the evidence of the condition of the fruit on the trees did not tend to show its condition later when it was delivered to the defendant for transportation, we do not see that it tended to confuse the issue upon that question; for the reason that the evidence seems to be clear and satisfactory that its condition at the time of shipments corresponded with its condition on the

CHICAGO—FIRST DISTRICT—NOVEMBER, 1912. 379

Commission Co. v. Oregon Short Line R. Co., 174 Ill. App. 375.

trees. We do not think that the admission of the evidence of the condition and character of the fruit on the trees was material error,—if it can be regarded as error at all.

It is further urged that the court erred in admitting plaintiff's Exhibits "A" and "B" and the testimony concerning the same. Plaintiff's Exhibits "A" and "B" are statements of the cars containing fruit shipped from Utah, in which the date of shipment, car numbers, point of shipment, contents of the cars and number of packages appear. These exhibits were prepared by the witness E. L. Robinson, who testified that he saw the peaches on the trees and afterwards saw them when brought to the packing house at Five Points and at the McGriff Fruit Company at North Ogden, from which latter packing house fourteen cars were packed and shipped; that he inspected the fruit in each car just prior to its shipment on the same day it was shipped, and made a record in a book at the time of shipment of each car purchased from the McGriff Fruit Company, and produced the book. He testified that he made the entries in the book at the time of shipment, and that it was a true and correct record and an honest recital of the facts which it contains as to each car. By closing the book, he could not give the car numbers, dates, contents, etc. The page numbers in the book were pages 182 and 183, and these pages of the book were marked respectively plaintiff's Exhibits "A" and "B," and were offered in evidence by the plaintiff. The defendant objected to the evidence upon the ground that no sufficient foundation had been laid; that it had not been shown that the entries in the exhibits were original entries, or from what the information was obtained on which the entries were made. Upon examination by the court as to the sources of his information upon which he made the entries, the witness testified that in some instances the numbers were copied right from the cars, in others they were copied from a memorandum which the wit-

380    Appellate Courts of Illinois.

Commission Co. v. Oregon Short Line R. Co., 174 Ill. App. 375.

ness made of the car numbers and the contents, and that in a few instances they were copied from the bills of lading at the time they were shipped. He testified that the numbers of the cars mentioned in the book are true and correct and were at that time. In some instances he got the number of boxes as entered in the book by taking the book with him to the car and counting up the tiers and number of boxes; sometimes he made a memorandum of those items and copied it after he got to his office; that he did not make a count of the boxes of all the cars; that the cars shipped from the McGriff Fruit Company were counted by them but not always in the witness' presence; that the numbers giving the number of boxes as entered in the book are correct and were correct at that time. Thereupon the court overruled the objection and the exhibits were admitted in evidence. In our opinion Exhibits "A" and "B" were properly admitted in evidence under the rule announced in Diamond Glue Co. v. Wietzychowski, 227 Ill. 338, and other cases.

The witness Robinson testified that the facts noted down in the exhibits were so entered at the time the cars were loaded and at the times he made his counts or took the count from defendant's bills of lading; that they were correctly made by him and that he knew they were correct at the time. The bills of lading issued by the defendant show that the car numbers given in Exhibits "A" and "B" are correct, and that the contents of each car were correctly given in the exhibits. The evidence, therefore, furnished by the defendant corroborates and substantiates the correctness and accuracy of the exhibits, and the case, so far as the car numbers are concerned and the contents of each car, does not rest entirely upon the exhibits and the testimony of the witness Robinson as to the correctness of the exhibits,—but it is supported by the bills of lading of the defendant company itself.

Error is assigned upon the giving to the jury of instructions by the court in its oral charge which were

CHICAGO—FIRST DISTRICT—NOVEMBER, 1912. 381

Rothschild & Co. v. Steger & Sons Piano Mfg. Co., 174 Ill. App. 381.

both erroneous and prejudicial to appellant, and argument is made in the briefs supporting certain objections to certain instructions so given. We are not called upon to pass upon the instructions and the errors assigned thereon for the reason that such errors, if there were any, were not preserved for review as required by rule 8 of the Municipal Court. The instructions complained of here were not objected to by appellant in the trial court. Other parts of the charge were objected to and were corrected by the court before the case was finally submitted to the jury. We have, however, examined the portions of the charge to which objection is made in argument, and we do not consider the objection well founded.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*